479 P.2d 421

**STATE of Arizona, Appellee,**

v.

**Richard Curtis IRWIN, Appellant.**

**No. 1977.**

Supreme Court of Arizona, In Banc.

Jan. 13, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Robert Wertsching, Phoenix, for appellant.

UDALL, Justice:

The defendant herein, Richard C. Irwin, appeals from his conviction and sentencing for the crime of second-degree murder. Defendant was convicted by the Superior Court of Yuma County in 1964 after entering a plea of guilty, and was sentenced to a term of not less than 35 nor more than 45 years in the state prison.

Defendant, acting in propria persona, filed a petition for habeas corpus in this court in 1968. In his petition for habeas corpus defendant alleged, *inter alia,* that he had not taken a timely appeal because his attorney had advised him against such action and that he personally was unaware of his appeal rights. We treated the habeas corpus petition as a motion for delayed appeal and remanded the matter to the Superior Court of Yuma County to determine whether such a delayed appeal was justified. After a hearing limited to that question, the Superior Court found that the delay in taking the appeal was attributable to the fact that defendant received no encouragement or assistance from his attorney with respect to appeal after his sentencing, that defendant was thereafter confined in prison without legal counsel, and that he had no knowledge of the steps necessary to take an appeal.

On the basis of the findings of the Superior Court we granted defendant a delayed appeal.

The defendant was originally arraigned in Superior Court in 1964 along with a co-defendant, one Rodney A. Sherwood, on a charge of first-degree murder. At that time defendant entered a plea of "not guilty." The minute entries of the court reflect that a week later defendant withdrew his plea and entered a plea of "guilty" to the charge of second-degree murder. His co-defendant Sherwood also plead guilty to second-degree murder and each was sentenced to a term of from 35 to 45 years.

In his brief to this court on appeal, defendant now contends that he should be permitted to withdraw his plea of guilty and receive a full trial. In support of his position he relies upon the following factual allegations: The murder to which defendant pleaded guilty in 1964 occurred in a motor vehicle. According to the defendant, no witnesses other than he and his co-defendant, Sherwood, were present. At the time they were charged with the crime, each told his own version of the shooting in an effort to accuse the other; the two versions were contradictory. Their statements are not a part of the record before us. Defendant here urges that because he felt he would be unable to show that Sherwood and not the defendant actually committed the murder, defendant pleaded guilty to the charge of second-degree murder in

order to avoid the possibility of a trial for first-degree murder which, if conviction resulted, would mean the death penalty or life imprisonment. As a result of plea-bargaining, the change of plea was effectuated. The record indicates that defendant's counsel was pleased with the result.

This appeal is based in part on a turn of events which occurred after defendant and Sherwood were sentenced. Defendant now asserts that Sherwood has changed his mind and is willing to testify that he, Sherwood, and not the defendant committed the murder. Defendant states that Sherwood would testify further that the defendant was shocked at the shooting and had no foreknowledge of it. Defendant attempted to introduce this testimony by Sherwood at the 1969 hearing ordered by this Court on defendant's petition for habeas corpus. The trial court, however, refused to accept the testimony on the ground that the hearing was limited to the question of whether the defendant was entitled to a delayed appeal. Defendant's counsel at that time was limited to a brief statement of what Sherwood would testify to. Consequently, the record does not reflect the exact nature of Sherwood's proposed testimony.

On the basis of these circumstances, defendant now urges two grounds which he contends require this Court to order that he be allowed to withdraw his former plea of guilty and proceed with a new trial to determine his guilt or innocence of the crime.

Defendant first argues that the record does not contain an affirmative showing that at the time he originally entered his plea of guilty, he did so knowingly and voluntarily. Secondly, the defendant contends that the newly-available evidence * * * Sherwood's purported willingness to acknowledge guilt * * * requires a new trial.

We will first consider the contention by the defendant that the lack of an affirma-tive showing of voluntariness at the time the plea was entered requires that the defendant be allowed now to withdraw his plea. Defendant relies upon Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), as authority for this proposition.

While it is true that the Supreme Court of the United States, in Boykin v. Alabama, supra, held that there must be an affirmative showing of voluntariness at the time a defendant changes his plea from "not guilty" to "guilty", to meet the Constitutional requirement, this Court has held that Boykin v. Alabama is not retroactive. State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969). See also Meller v. Missouri, 431 F.2d 120 (8th Cir. 1970). Boykin was decided in 1969, and the instant plea was entered in 1964. Moreover, the United States Supreme Court has recently held that the fact a defendant pleads guilty solely in order to limit the possibility of a stiffer penalty does not, in and of itself, demonstrate that the plea was not knowingly and voluntarily entered. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

▬ From a review of the record it is our opinion that the defendant did knowingly and voluntarily enter his plea of guilty to the charge of murder in the second degree. We find that the defendant was ably represented by counsel at the time he entered said plea. Also, it is apparent that the defendant, in entering his plea of guilty, wanted to be relieved of the possibility that he might be found guilty of murder in the first degree. It does not appear that the defendant was unduly persuaded to make the change of plea, nor is there any indication that he was misled by the Court, by the prosecuting attorney, or by his own counsel. We accordingly conclude that there is no merit in defendant's first ground for appeal.

▬ We turn next to defendant's principal ground for appeal—that the proffered

testimony of his co-defendant, Sherwood, requires that defendant be permitted to withdraw his guilty plea and to proceed with a new trial. We are unable to hold that the record before us is sufficient to permit the defendant to withdraw his plea. We do not believe that a plea of guilty, solemnly entered in open Court, is to be lightly disregarded. Moreover, this Court looks with some distrust upon recanting statements of witnesses serving prison terms with nothing to lose by assisting another defendant. State v. Sims, 99 Ariz. 302, 409 P.2d 17 (1965), citing the much-quoted opinion in People v. Shilitano, 218 N.Y. 161, 112 N.E. 733 (1916).

In the instant case the exact nature of the proposed testimony by Sherwood is not before us. However, the defendant contends that Sherwood would now testify that he alone was the one who killed the deceased, and defendant argues that the newly-available testimony pertaining to the issue of his guilt should be treated as though it were newly-discovered evidence.

It is apparent from the face of the record that the evidence defendant now seeks to present to the trial court is *not* newly-discovered evidence. Defendant Irwin and his co-defendant, Rodney Sherwood, were the only two people who knew the facts first-hand, and knowing those facts they both pleaded guilty to the charge of second-degree murder in 1964.

Now, six years later, they want to change their positions so that the co-defendant, Sherwood, will assume all of the blame for the crime without incurring any greater punishment on himself, whereas the defendant would hope to be exonerated from the conviction of murder in the second degree. See State v. Sims, supra. For the reasons advanced above, we are of the opinion that there is little merit to defendant's second contention on appeal. We accordingly hold that the defendant should not be allowed to withdraw his plea of guilty and to proceed with a new trial.

Judgment affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and LOCKWOOD, J., concur.

NOTE: Justice JAMES DUKE CAMERON did not participate in the determination of this matter.