527 P.2d 107

**The STATE of Arizona, Appellee,**

v.

**Celestino Robles YBARRA, Appellant.**

**No. 2 CA–CR 366.**

Court of Appeals of Arizona, Division 2.

Oct. 16, 1974.
Rehearing Denied Nov. 20, 1974.
Review Denied Dec. 17, 1974.

Dennis DeConcini, Pima County Atty. by John W. Dickinson, Deputy County Atty., Tucson, for appellee.

Robert J. Hooker, Tucson, for appellant.

## OPINION

KRUCKER, Judge.

Appellant appeals from the denial of a petition filed pursuant to Rule 32 of the Arizona Rules of Criminal Procedure, 17 A.R.S., claiming that he did not receive effective assistance of counsel. He claimed that because of his attorney's conflict of interest, he did not knowingly, intelligently and voluntarily enter his guilty plea.

On December 24, 1970, defendant and his co-defendant, Pat Bracamonte Martinez, were arrested and charged with the crime of burglary. Both were represented by the same public defender and plead guilty. Appellant was placed on probation and subsequently sentenced to a term of five to six years after his probation was revoked.

The sole issue raised by the appellant is whether a colorable claim was set forth in his petition for a Rule 32 hearing. We find that his claim of lack of effective assistance of counsel is clearly without merit.

Appellant's petition was predicated upon an affidavit of the co-defendant which simply stated that appellant was not guilty of the crime charged and plead guilty due to fear. We, as the trial court must have, look askance at a post-conviction admission of sole guilt by a co-defendant. State v. Irwin, 106 Ariz. 536, 479 P. 2d 421 (1971).

Assuming arguendo the affidavit was true, did it actually set forth facts evidencing a conflict? The record reflects that the co-defendant plead guilty and that initially appellant plead not guilty. Subsequent to Martinez' guilty plea, appellant changed his plea to guilty. The transcript of the hearing on his change of plea reflects that the trial court extensively cross-examined appellant to determine

**332**

whether, in view of his expressed belief in his innocence, he still wished to plead guilty.

The transcript reads:

"Q. Do you enter this plea freely and voluntarily in light of what Mr. Callaway has told me?

A. Yes sir.

Q. He tells me you in your mind think that you're not guilty of this charge, but that you know substantially, what evidence the State is going to put on and what generally what witnesses would be called and you feel that if you went through a trial the jury is going to find you guilty anyhow, even though you think you're not. Is that what you're telling me?

A. Yes.

Q. Even knowing in your own mind you think you're not guilty of the charge you want to go ahead and plead guilty rather than go through a jury trial?

A. Yes sir."

 Nothing in the alleged conflict would indicate that when appellant plead guilty he did not do so knowingly, intelligently and voluntarily. Nowhere in appellant's memorandum to the court does he argue that he did not know as a result of the alleged conflict the nature and consequences of his guilty plea. Nor does appellant argue that defense counsel deceived or mislead him. Instead, he insists that a presumption of conflict arises because he and his co-defendant were jointly represented by the same counsel. No such presumption arises without a showing that co-defendants' defenses would run afoul of each other. Gonzales v. United States, 314 F.2d 750 (9th Cir. 1963).

1. See, State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966); Sanchez v. Nelson, 446 F.2d 849 (9th Cir. 1971).

2. Appellant does not raise the issue in his petition or on appeal as to whether the guilty

In the case at bench, the co-defendant plead guilty prior to appellant's change of plea. Any conflict which might have existed was surely removed by Martinez' prior guilty plea. Appellant was then free to maintain his innocence and call Martinez as a witness. In short, appellant merely made a bare allegation, supported by an affidavit of little relevancy, without ever meeting the standard for establishing a case of conflict of interest,[1] or, more importantly, that the conflict actually resulted in a suspect guilty plea.[2] No specific cause or facts are alleged or shown. A bare allegation of conflict is not sufficient.

We find that the trial court properly reviewed appellant's record and did not abuse its discretion when it found that on it's face the petition did not state a colorable claim.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.

plea conformed in all regards to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and therefore we do not address ourselves to it.