609 P.2d 1077

STATE of Arizona, Respondent,

v.

Leonard L. McFORD, II, Petitioner.

Nos. 1 CA–CR 3856–PR, 1 CA–CR 4069–PR.

Court of Appeals of Arizona, Division 1, Department C.

Feb. 28, 1980.

Rehearing Denied April 3, 1980.

Review Denied April 22, 1980.

John H. Grace, Coconino County Atty. by Christopher C. Wooten, Deputy County Atty., Flagstaff, for respondent.

Aspey, Watkins & Diesel by Harold L. Watkins, Flagstaff, for petitioner.

## OPINION

OGG, Chief Judge.

On May 18, 1978, petitioner filed a petition for post-conviction relief pursuant to 17 A.R.S., Rules of Criminal Procedure, rule 32, alleging that his plea of guilty to second degree murder should be set aside based on newly discovered evidence. Attached to the petition were affidavits showing that one Clyde Edward Harris and one John Edward Mason had confessed to the crime of which petitioner was convicted, and had absolved petitioner of any involvement in the crime. An evidentiary hearing was held before the trial court, and the petition was denied. Petitioner timely filed a motion for rehearing, which was also denied, and a petition for review. Additionally, on January 31, 1979, petitioner filed yet another petition for post-conviction relief, asserting that he was entitled to be credited for time served in the county jail pursuant to his arrest because he was unable to post bail. That petition was summarily denied by the trial court. Petitioner's counsel filed a motion for rehearing in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Attached to the motion for rehearing was a memorandum ostensibly prepared by petitioner. The motion for rehearing was denied and petitioner timely filed a petition for review. We have consolidated both petitions and will consider them jointly in this decision.

Appellant pled guilty to second degree murder and was sentenced to serve not less than fifteen nor more than twenty years in the Arizona State Prison or such other penal institution as might be arranged for by the Arizona Department of Corrections. His conviction and the trial court's denial of a previous petition for post-conviction relief were affirmed by this Court in *State v. McFord*, 115 Ariz. 246, 564 P.2d 935 (App. 1977). Additionally, the trial court's denial of yet another petition for post-conviction relief was affirmed by this Court in *State v. McFord*, 1 CA–CR 2792–PR (memorandum decision filed May 2, 1978.) In the instant decision, we are considering petitioner's fourth and fifth petitions for post-conviction relief.

In petitioner's fourth petition for post-conviction relief, he asserted that the trial court should vacate his plea based upon the confessions of Harris and Mason. Harris and Mason were fellow prison inmates at the time they signed the confes-

sions. The confessions indicated that although McFord was present at the scene of the crime, he had been struck on the head by Harris and was unconscious when McCallister (McFord's codefendant), Harris and Mason shot the victim. Following a hearing, the trial court issued an opinion and order which contained the following findings:

1. That the petitioner has, at all times, been effectively represented by competent counsel.

2. That the petitioner knowingly, voluntarily and intelligently entered a plea of guilty to the crime of second degree murder on May 4, 1976.

3. That the petitioner was competent to enter a plea of guilty on said date.

4. That said plea was the result of a plea agreement entered into between the petitioner and the prosecutor which the petitioner fully understood and consented to.

5. That at the time of the entry of said plea, there existed a basis in fact for believing the petitioner guilty of the offense charged.

6. That there continues to be a factual basis for believing the petitioner guilty of the crime charged.

7. That the petitioner has not presented sufficient grounds or evidence which would justify a withdrawal of his plea of guilty and revocation of his plea agreement.

The trial court reasoned that a plea agreement may operate in favor of persons who are not manifestly guilty of the crime charged when such a person, faced with a distinct possibility of a finding of guilt, may elect to enter into a plea and receive a sentence far less severe than might possibly have resulted from a trial on the original offense. The court noted that when a plea is knowingly and voluntarily entered with effective assistance of counsel, and when there is a factual basis for the plea, "the foundation and purpose of plea bargaining would be undermined by allowing a party to later recant and request withdrawal of his guilty plea." Finally, the trial court noted that a plea agreement "should be subject to revocation only under the most compelling circumstances." We agree.

In Arizona, the courts historically look with distrust "upon recanting statements of witnesses serving prison terms with nothing to lose by assisting another defendant." *State v. Irwin,* 106 Ariz. 536, 539, 479 P.2d 421, 424 (1971). *See also State v. Ybarra,* 22 Ariz.App. 330, 527 P.2d 107 (1974). We note that in appellant's first petition for review, he contended that his plea should be vacated because he had newly discovered evidence from his accomplice. Apparently the accomplice, McCallister, absolved McFord totally from culpability in the offense. *See State v. McFord.* This Court held then that the testimony of the accomplice was not newly discovered. We noted that McFord and the accomplice were the two people who knew the facts of the offense first hand, and knowing those facts, each pled guilty. Likewise, as to McFord's most recent claim, we find that there is insufficient evidence to support McFord's claim that his plea was not knowingly, voluntarily and intelligently entered. Therefore, we affirm the trial court's denial of petitioner's fourth petition for post-conviction relief.

In petitioner's fifth petition for post-conviction relief, he asserts that he is entitled to time served for presentence incarceration. He was sentenced on May 17, 1976 to serve not less than fifteen nor more than twenty years for second degree murder, the sentence to commence on May 17, 1976. Apparently he served time in the county jail from the date of his arrest until the date of his sentence due to the fact that he could not afford to post bail. He argues that he was entitled to be credited for that time served. As previously noted, his motion for rehearing raising no arguable issues was submitted in accordance with *Anders v. California* and *State v. Leon,* and attached to the motion for rehearing was the same supplemental memorandum which had been prepared by petitioner and previously attached to the petition for post-conviction relief. We raise *sua sponte* whether the

motion for rehearing has been filed in compliance with rule 32.9(a), 17 A.R.S., Rules of Criminal Procedure.

 Rule 32.9(a) provides that in a motion for rehearing, an aggrieved party must "set forth in detail the grounds wherein it is believed the court erred." That was not done in this case. The purpose of a motion for rehearing under rule 32.9 is to give the trial court an opportunity to correct any errors it may have made in the ruling on the petition for post-conviction relief. That purpose is not served when the party fails to point out to the court how it erred, and instead merely realleges the contentions already rejected by the trial court. In such an instance, the trial court is effectively denied its opportunity of meaningful review of its decision. We find that the procedure utilized in this case failed to comply with the requirements of rule 32.9(a) and dismiss the petition for review.

Additionally, we are of the opinion that *Anders v. California* and *State v. Leon* were not intended to apply to rule 32 petitions for post-conviction relief with the exception of petitions filed in accordance with rule 32.1(f), 17 A.R.S., Rules of Criminal Procedure. In *Anders*, the Supreme Court was concerned with the duty of court-appointed counsel to prosecute and appeal from a criminal conviction. The decision in *Anders* was bottomed on the proposition that a criminal defendant has a constitutional right to full appellate review; however, there is no constitutional right to post-conviction review. We do note that rule 32.1(f) provides for a delayed appeal, and that this provision of the rule does preserve "the defendant's right to a general review of the record for fundamental error where his failure to file a timely appeal was not his fault." *See* rule 32.1(f), Comment.

Accordingly, we hold that *Anders v. California* and *State v. Leon* do not apply to petitions for post-conviction relief filed in accordance with the remaining sections of rule 32.1, and that clearly the filing of a motion for rehearing in accordance with *Anders v. California* and *State v. Leon* does not comply with the requirements of rule 32.9.

For the foregoing reasons, review is granted and relief is denied as to the petition for review in 1 CA–CR 3856, and the petition for review in 1 CA–CR 4069 is dismissed.

CONTRERAS, P. J., and JACOBSON, J., concur.