139 Ariz. 552 (1984)
679 P.2d 575
STATE of Arizona, Respondent,
v.
Billy Joe THOMPSON, Petitioner.
Nos. 1 CA-CR 6919-PR, 1 CA-CR 6920-PR.
Court of Appeals of Arizona, Division 1, Department A.
March 22, 1984.
*553 Thomas E. Collins, Maricopa County Atty. by Sydney Davis, Deputy County Atty., Phoenix, for respondent.
Susan O. Friedlander, Scottsdale, for petitioner.
OPINION
GRANT, Judge.
Petitioner has filed this petition for review pursuant to Rule 32.9(c), Arizona Rules of Criminal Procedure, following the trial court's denial of his motion for rehearing made pursuant to rule 32.9(a), following the dismissal of a petition for post-conviction relief filed in accordance with rule 32.1. The issues raised concern the voluntariness of petitioner's plea of guilty and the effectiveness of counsel. We hold that the trial court did not err in denying the requested relief.
The record reveals that petitioner pled guilty to three counts of petty theft in exchange for the state's agreement to dismiss a charge of second degree burglary and assault with a deadly weapon. The state also agreed not to refile a separate grand theft charge, and not to file two additional charges of committing a felony while on bond. Petitioner was sentenced to serve consecutive terms of four to five years imprisonment on each charge. His conviction and sentences were affirmed on appeal by memorandum decision in State v. Thompson, 1 CA-CR 3667 and 1 CA-CR 3948, consolidated, filed March 1, 1979.
Thereafter, he filed his first petition for post-conviction relief which was summarily denied. He filed a petition for review therefrom. By memorandum decision in State v. Thompson, 1 CA-CR 4860-PR and 1 CA-CR 4861-PR, filed March 31, 1981, this court denied relief.
Petitioner began these proceedings by filing his second petition for post-conviction relief in the two underlying superior court cause numbers. Inasmuch as the pleadings are identical, the petitions for review have been consolidated in this court. Counsel was appointed to represent petitioner in the post-conviction proceedings. He presented several issues in the petition for post-conviction relief, namely: (1) that his plea of guilty was coerced by the trial court; (2) that his plea was coerced by the allegation of prior convictions; (3) that both his trial counsel and appellate counsel were ineffective; and (4) that his sentence is excessive. Current counsel filed a supplement to the petition for post-conviction relief alleging that petitioner's sentences were excessive in light of the class of the offenses and his role in them. Counsel argued that since petitioner was only the lookout, the imposition of three consecutive sentences was an abuse of discretion. After reviewing the allegations raised and the record, the trial court denied the petition for post-conviction relief finding as follows:
Defendant alleges he was "lead" into the plea by the trial judge. There is nothing in the record to support the contention and the appellate court found nothing in its review of the Anders briefs and the record.
Defendant next alleges the County Attorney coerced the plea through unlawful use of prior convictions and threats to use said convictions. Outlining choice and options that exist is not coercion as the term is used when indicating duress and involuntariness. There is nothing raised which would necessitate an evidentiary hearing.
Finally, defendant alleges ineffective assistance of all counsel to date, but does not allege how or in what respect.
There being no issue of fact or law raised upon which defendant could obtain relief,
ORDERED denying the petition for Post-Conviction Relief.
Petitioner filed a motion for rehearing pointing out no new arguable issues, but requesting the trial court to again review its findings and appoint new counsel to review the record in the event that such counsel could discover error that had not previously been noted. The trial court denied the motion for rehearing and counsel's *554 motion to withdraw. Petitioner timely filed a petition for review.
Normally, this court will consider only those issues stated with particularity in the motion for rehearing. Rule 32.9(a); State v. McFord, 125 Ariz. 377, 609 P.2d 1077 (App. 1980); State v. Moore, 125 Ariz. 528, 611 P.2d 115 (App. 1980). No issues were raised in the motion for rehearing other than the request by counsel to withdraw. Counsel acknowledged that she was aware of this court's opinion in State v. McFord, supra, but stated that after reviewing the decision of the trial court, counsel could raise no arguable issues as to specific errors not previously raised. Counsel also requested the trial court to review the contentions already rejected in the post-conviction petition. The motion, therefore, does not comply with the provisions of rule 32.9(a) which require that in a motion for rehearing, the aggrieved party must "set forth in detail the grounds wherein it is believed the court erred." State v. McFord, supra, 125 Ariz. at 380, 609 P.2d at 1080.
Petitioner argues, nevertheless, that the post-conviction relief procedure is, in fact, the habeas corpus right, and as such is a constitutional right. Implicit in that contention is an argument that Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969), should apply to post-conviction proceedings filed in accordance with rule 32. While a party may claim error of constitutional dimension in a petition for post-conviction relief filed pursuant to rule 32.1(a), there is no constitutional right to post-conviction review. In State v. McFord, supra, this court wrote:
The decision in Anders was bottomed on the proposition that a criminal defendant has a constitutional right to full appellate review; however, there is no constitutional right to post-conviction review.
125 Ariz. at 380, 609 P.2d at 1080. In order to seek post-conviction relief, and obtain review of the trial court's determination, one must bring oneself squarely within the provisions of rule 32. Notwithstanding the fact that the post-conviction relief procedure includes the habeas corpus right, Anders v. California and State v. Leon were not intended to apply to rule 32 petitions for post-conviction relief with the exception of those petitions filed in accordance with rule 32.1(f), requesting a delayed appeal. State v. McFord, supra.
Inasmuch as counsel for petitioner has acknowledged her awareness of State v. McFord, arguing against the propriety of the holding in that case, we conclude that counsel has made a good-faith effort to seek review of the issues raised by petitioner on the merits. Under these circumstances, we will address the issues raised briefly. We do not hereby retreat from our holdings in State v. McFord, and State v. Moore, requiring that motions for rehearing set forth with specificity the grounds wherein it is believed the trial court erred in order to preserve such issues for review.
Petitioner contends that the trial court coerced him into entering a plea of guilty to three counts of petty theft. We have reviewed the transcript of the plea proceeding, and it indicates that the trial court fully complied with the requirements of rule 17, Arizona Rules of Criminal Procedure, in advising petitioner of the nature of the charges, the nature and range of sentence, the possible effect of the prior convictions on his sentence, his constitutional rights, determined the factual basis for the pleas, and asked petitioner if any force, threats, or promises had been made to induce him to enter his plea. Petitioner responded negatively to the latter question. The trial court was required by rule 17 to advise him of the effect of his prior convictions on the range of sentence. There is nothing in the record to indicate that petitioner was coerced in any way by the trial court to enter his plea, and indeed the trial court complied thoroughly with the provisions of rule 17 in taking petitioner's plea.
For his second issue, petitioner contends he was coerced into entering a plea by the prosecutor's allegations of prior convictions. Petitioner contends that had he *555 gone to trial, he would face a much greater sentence, and therefore, he had no choice but to plead guilty. This argument has no merit whatsoever. The legislature under both the prior criminal code and the current criminal code has specifically recognized the need to more severely punish recidivist criminals by authorizing allegations of prior convictions and enhancement of punishment based thereon. While the allegation of prior convictions may encourage a defendant as a practical matter to enter into a plea agreement in exchange for the dismissal of the allegation of prior convictions, the allegation does not affect the voluntariness of the plea.
Petitioner contends his trial counsel and appellate counsel were ineffective in representing him. He does not make any specific allegations of ineffectiveness. He has failed therefore to state a colorable claim upon which relief could be granted. State v. Suarez, 23 Ariz. App. 45, 530 P.2d 402 (1975).
Petitioner contends his sentence of consecutive terms for three counts of petty theft is excessive. This court has twice reviewed this case and found no impropriety in the sentence. Petitioner had an extensive criminal history at the time of his convictions in the instant case. We find no abuse of discretion in sentencing.
One additional factor must be noted. Rule 32.2 provides for a defense of preclusion to be pleaded and proved by the state. Rule 32.2(d). In this case, petitioner has appealed his conviction and he has filed a previous petition for post-conviction relief. This was an appropriate case for the state to plead preclusion in accordance with the provisions of rule 32.2; nevertheless, the state failed to do so. The proliferation of multiple petitions for post-conviction relief filed from a single conviction is frequently a drain on judicial resources. We are concerned that the state has not in this case, and in others, availed itself of the provisions of rule 32.2.
For the foregoing reasons, review is granted and relief is denied.
BROOKS, P.J., and CONTRERAS, J., concur.