960 F.2d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie Ray FINLEY, Petitioner-Appellant,
v.
ATTORNEY GENERAL OF the STATE OF ARIZONA, Respondent-Appellee
Robert Goldsmith, Warden Respondent-Appellee.
 No. 91-15522.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1991.*
Decided April 20, 1992.
 
 Before POOLE, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Petitioner Willie Ray Finley, proceeding pro se, appeals the district court's grant of summary judgment denying a writ of habeas corpus, 28 U.S.C. § 2254, based on his failure to show cause for his state procedural default and resulting prejudice from the alleged violation of his constitutional rights.
 
 FACTS AND PROCEDURAL HISTORY
 
 3
 Petitioner was convicted in 1980 of 2 counts of sexual assault, 1 count of armed burglary, 1 count of armed robbery, and 1 count of unlawful use of means of transportation. He was sentenced to 3 concurrent terms of 28 years on the sexual assault and armed burglary counts, and to a term of 4 1/2 years for the unlawful use of means of transportation count, to be served concurrently with the above-mentioned counts. He was also sentenced to 28 years for armed robbery, to be served consecutively to the other sentences.
 
 
 4
 On direct appeal, petitioner raised four claims, none of which included the claim he now presents, ineffective assistance of counsel at trial. The Arizona Court of Appeals affirmed his convictions and sentences by memorandum decision on March 18, 1982. State v. Finley, 1 CA-CR 5120 (Ariz.App. Mar. 18, 1982).
 
 
 5
 Pursuant to Arizona Rule of Criminal Procedure 32.9, petitioner sought post-conviction relief, raising for the first time his claim of ineffective assistance of counsel at trial. Petitioner argued that there existed a physician's report stating there was no semen found in the victim, and this report would have exonerated him had his attorney introduced it into evidence. Petitioner was aware of the report at the time of his trial. The presence of semen in the victim was not at issue, however, because the victim did not argue that there was semen. Moreover, petitioner's trial counsel had argued that consensual sexual intercourse had taken place, and explicitly refused to call the examining physician as a witness and to introduce the report.[1] Petitioner had admitted to penetrating the victim.[2] Relief was denied.
 
 
 6
 In his motion for rehearing of his post-conviction judgment, petitioner, represented by court-appointed counsel, failed to preserve any issues for appeal:
 
 
 7
 In support of this motion, Defendant believes the Court has erred in its rulings contained in its Minute Order of June 14, 1984. Defendant reurges the same evidence and argument presented at the hearing of this matter in support of this Motion for Rehearing.
 
 
 8
 Petitioner appealed to the Arizona Court of Appeals, which denied relief based upon petitioner's failure to set forth with specificity the grounds upon which he claimed the trial court erred. See State v. McFord, 609 P.2d 1077 (Ariz.App.1980). Judgment was entered on April 9, 1985.
 
 
 9
 Petitioner sought review by the Arizona Supreme Court on June 26, 1989, more than four years after the court of appeals' decision. Review was denied on September 26, 1989.
 
 
 10
 Petitioner then sought a writ of habeas corpus in the United States District Court for the District of Arizona on November 8, 1990, raising, inter alia, his claim of ineffective assistance of counsel at trial. Respondents moved for summary judgment, arguing that petitioner had committed two procedural defaults: 1) Failure to set forth specifically in his motion for rehearing the grounds upon which he believed the post-conviction trial court erred; and 2) Failure to file a timely petition for review by the Arizona Supreme Court.
 
 
 11
 Petitioner admitted the procedural defaults, and argued that they were caused by trial and appellate courts' abuse of discretion in that they refused to dismiss counsel and prevented him from representing himself, and because of ineffective assistance of counsel on appeal. Petitioner argued that his appointed appellate counsel failed to preserve issues for review in his motion for rehearing, and did not send the necessary documents for the petitioner himself to file a timely petition for review in the Arizona Supreme Court until three months after the Court of Appeals had denied relief.[3] He further argued that exceptional circumstances existed under which to excuse the defaults--the medical report which would now prove that there was no penetration of the victim.
 
 
 12
 Respondents correctly noted that petitioner never sought to represent himself but instead sought to have private counsel appointed.
 
 
 13
 The District Court, Judge William P. Copple presiding, granted summary judgment in favor of the respondents. Adopting the report of Magistrate Michael Mignella, Jr., the court found that petitioner had not exhausted his claim of ineffective assistance of counsel, but that unavailability of state review rendered the claim exhausted. However, because the unavailability of a state remedy was petitioner's own procedural default, he had to show both "cause" for the default and "prejudice" in not specifically preserving the issue for appeal in his motion for rehearing; the district court did not consider the failure to file timely a petition for review in the Arizona Supreme Court as a procedural default. The court held that petitioner failed to show cause for his default because he was not entitled to court-appointed counsel on collateral attack of his convictions. After a flurry of motions by the petitioner, the district court adopted the magistrate's report as the court's opinion, denied all petitioner's motions, and entered judgment on March 21, 1991.
 
 
 14
 Petitioner's notice of appeal was timely. We have jurisdiction, 28 U.S.C. § 2253, and we affirm.
 
 STANDARD OF REVIEW
 
 15
 We review a grant of summary judgment de novo. State Farm Fire and Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir.1989).
 
 DISCUSSION
 
 16
 The issues are whether petitioner committed a procedural default, and if so, whether he showed cause for the default and prejudice therefrom, or can demonstrate that our failure to consider his federal claim will result in a fundamental miscarriage of justice. See Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). Petitioner's claims in this case are foreclosed by the Supreme Court's decisions in Coleman v. Thompson and Ylst v. Nunnemaker, 111 S.Ct. 2590 (1991), both decided on the same day.[4]
 
 I. Procedural Default
 
 17
 There is no doubt that petitioner procedurally defaulted by failing to preserve with specificity any federal issues for appeal in his motion for rehearing.[5] The state courts denied relief explicitly on "independent and adequate state grounds," Harris v. Reed, 489 U.S. 255, 265 (1989), and the decision did not otherwise "appear[ ] to rest primarily on federal law, or to be interwoven with federal law,...." Coleman, 111 S.Ct. at 2557, quoting Michigan v. Long, 463 U.S. 1032, 1040-41 (1983). As such, petitioner defaulted and his claim is barred from federal habeas review because federal courts have jurisdiction in habeas cases only with respect to federal constitutional or statutory issues.
 
 
 18
 The district court, in adopting the magistrate's report, discussed at length whether the Arizona Supreme Court's one-line denial of petitioner's petition for review of his collateral proceedings was based upon petitioner's procedural default in his motion for rehearing or upon a separate procedural bar due to the untimeliness of his petition to the Arizona Supreme Court. Although the district court concluded that, under the "plain statement" rule for habeas petitions established in Harris,[6] the ambiguity of the Arizona Supreme Court's decision dictated a finding that the relevant default to be considered was petitioner's failure to define his claims in his motion for rehearing, this issue merits further discussion in light of the decisions in Coleman and Nunnemaker.
 
 
 19
 First, the Supreme Court in Coleman held that the lack of an express holding on independent and adequate state grounds was only part of the requirement for the Harris presumption to apply; "[a] predicate to the application of the Harris presumption is that the decision of the last state court to which the petitioner presented his federal claims must fairly appear to rest primarily on federal law or to be interwoven with federal law." Coleman, 111 S.Ct. at 2557. Such was not the appearance of the Arizona Supreme Court's denial of Finley's petition for review, and the federal district court could not rightfully reach the merits of the federal claim presented. This, however, does not establish the existence of a separate Arizona Supreme Court procedural bar.
 
 
 20
 Arguably, the Arizona Supreme Court's disposition, "denied," rather than "dismissed," and the fact that the disposition notes that one of the Arizona Supreme Court Justices did not take part in the decision, might mean that the Arizona Supreme Court disregarded the lateness of the petition and either reached the merits or applied the prior procedural bar. Under either of these scenarios, the Supreme Court's decision in Nunnemaker requires us to presume that the Arizona Supreme Court relied on the prior procedural default in denying the petition. In Nunnemaker, the Supreme Court held that where there has been one reasoned state judgment rejecting a federal claim, later unexplained state court orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground. Nunnemaker, 111 S.Ct. at 2594. The first procedural default is presumed to be the basis for the Arizona Supreme Court's denial of the petition for review, until some other basis appears to the contrary. Nunnemaker, 111 S.Ct. at 2595. Therefore, petitioner is entitled to have to account only for one procedural default, and that would be whether he raised the federal issue in the state court, or whether, if he did not, a fundamental miscarriage of justice will occur if his federal claim is not heard.
 
 II. Cause and Prejudice
 
 21
 Petitioner argues that his attorney's failure to properly preserve his post-conviction claims for rehearing constitutes cause. His argument is foreclosed by the decision in Coleman.
 
 
 22
 The Coleman Court applied this standard for ineffective assistance of counsel as cause for procedural default set forth in Murray v. Carrier: "So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, ... we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." Coleman, 111 S.Ct. at 2566, quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). However, the Court further reasoned that it was not the gravity of the attorney's error, but that it violated the petitioner's right to counsel so egregiously that the default constituted an external factor to be "imputed to the State." Coleman, 111 S.Ct. at 2567.
 
 
 23
 There is now, the Court has told us, no right to state-appointed counsel in state post-conviction proceedings. Murray v. Giarratano, 492 U.S. 1 (1989); Pennsylvania v. Finley, 481 U.S. 551 (1987). If this be so, error committed by petitioner's post-conviction counsel, sounding in normal professional incompetence, could not be imputed to the state. Coleman, 111 S.Ct. at 2567.[7] Petitioner is bound by his post-conviction selection of counsel to act for him, and when he has failed to show more than that as cause for his procedural default, the Court need not address the issue of prejudice.
 
 III. Fundamental Miscarriage of Justice
 
 24
 Under Coleman, if this petitioner cannot show cause or prejudice, he must show that failure to consider his claim will result in a fundamental miscarriage of justice. Coleman, 111 S.Ct. at 2565.
 
 
 25
 Petitioner argues that the exclusion of the physician's report was an "exceptional circumstance" entitling him to habeas review. But petitioner clearly stated at trial that the purpose of introducing the report into evidence was to prove the absence of semen. That presence was not at issue. Petitioner later argued on collateral review that the report would prove that there was no penetration, despite the fact the he admitted at trial that he had penetrated the victim. No fundamental miscarriage of justice is evident in not hearing this claim of petitioner's.
 
 
 26
 AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 27
 Willie Ray Finley was convicted of sexual assault and claims to be innocent. He contends, albeit in vague and general terms, that there is medical evidence that proves that the victim was not penetrated and therefore that he could not have committed sexual assault. See Arizona v. Knaubert, 550 P.2d 1095 (Ariz.App.1976); Arizona v. Jackson, 514 P.2d 480 (Ariz.1973). He claims further that the reason he was convicted and that the exculpatory medical evidence was not introduced is that the state provided him with incompetent counsel, in violation of his Sixth Amendment rights.
 
 
 28
 Finley's assertions, if true, are serious. As the Supreme Court has emphasized, a fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). In Finley's case, no court has ever examined the underlying basis of his claim: the claim was not presented to the state courts; in the federal habeas proceedings, it was not raised until the response to the state's motion for summary judgment. For this reason, there has been no factual development of the claim, and there is no basis on which to evaluate its precise nature or its plausibility.
 
 
 29
 Nevertheless, the majority finds that Finley has procedurally defaulted the claim and is barred from ever raising it in federal court. I believe that the majority has acted precipitously. If Finley could produce factual support for his claim, it is clear that he would not be procedurally barred from raising it in federal court. See Murray v. Carrier, 477 U.S. at 496. This is so even though Finley testified at trial that he did penetrate the victim. See Morris v. California, No. 90-56095, slip. op. at 2379-81 (9th Cir. Mar. 10, 1992). The problem here is, however, that the claim is simply too vague and conclusory to evaluate or to justify an evidentiary hearing. Cf. Buffalo v. Sunn, 854 F.2d 1158, 1165 (9th Cir.1988) (holding that when a habeas petitioner alleges facts that support an exception to procedural default, the district court must hold an evidentiary hearing). Thus, the majority's conclusion that no fundamental miscarriage of justice occurred is, at the least, premature.
 
 
 30
 Accordingly, I cannot join the majority's decision to forbid any future examination of Finley's claim. Because it is not clear whether the state courts would refuse to entertain the claim in a collateral proceeding, see Ariz.R.Crim.P. 32.1(e) (allowing consideration on collateral review of "newly discovered material facts"), I believe that the best course would be to hold that the claim is unexhausted and that Finley's habeas petition should be dismissed with leave to refile upon exhaustion, see Rose v. Lundy, 455 U.S. 509 (1982).[1] This would allow the state courts to examine the error first. If, however, the claim is to be treated as exhausted, then I think the appropriate course would be to hold that it was not properly presented in the habeas petition and to refuse to consider it. We could then remand with directions to the district court to grant Finley leave to amend his petition so as to plead facts sufficient to warrant an evidentiary hearing; if Finley succeeded in doing so, a court could determine whether a fundamental miscarriage of justice in fact occurred.
 
 
 31
 I would therefore not affirm the final dismissal of Finley's petition as procedurally defaulted. I would instead reverse and either dismiss for failure to exhaust or dismiss with leave to amend.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Petitioner's counsel at trial stated his refusal thus:
 MR. PRATO: Your Honor, the Defendant has indicated to me that he would like for the doctor--I can't think of his name--who examined Mrs. Jimenez to be called to establish there was no semen found in Mrs. Jimenez.
 I believe that's what the record would indicated [sic]. I wish that to be made a part of the record.
 I believe, as counsel, it is not necessary. I believe the state of the record, Mrs. Jimenez did not claim there was semen.
 There's been no evidence of semen found in her. Therefore, unless the State recalls Mrs. Jimenez, she claims there was semen, the doctor's testimony is not necessary.
 That's the only thing I believe the Defendant would like to have the doctor called for.
 Is that correct?
 THE DEFENDANT: Yes.
 
 
 [2]
 Although his testimony tells a story of consensual sex, one such admission of his having penetrated the victim was stated thus:
 I got on top of her. I started on--I'm not saying that I bring it straight out--I stuck my penis inside of her. Okay?
 
 
 [3]
 Petitioner's appellate counsel on appeal of his post-conviction petition for relief mailed all the relevant documents on June 18, 1985. Letter of J. Douglas McVay, June 18, 1985. Arizona Rule of Criminal Procedure 31.19 requires petitions for review to be filed within fifteen days after the filing of a decision or after the clerk has mailed notice of the determination of a motion for reconsideration. Ariz.R.Crim.P. 31.19 (West 1987 & 1991 Supp.)
 
 
 [4]
 In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice
 Coleman, 111 S.Ct. at 2565.
 
 
 [5]
 It is arguable that petitioner's claim of ineffective assistance of counsel at trial is a new and different claim in that he argues the medical report would prove there was no penetration. This particular variant of his ineffective assistance of counsel claim has not been reviewed by the Arizona courts. Petitioner has procedurally defaulted. Given his admission of penetration at trial, he would not be granted post-conviction relief under Arizona Rule of Criminal Procedure 32.1(e). Therefore, relief would be precluded under Arizona Rule of Criminal Procedure 32.2, which is strictly enforced by Arizona Courts. State v. Carriger, 692 P.2d 991, 995 (Ariz.1984), cert. den. 471 U.S. 1111 (1985). Dismissal for the purpose of exhausting non-existent state remedies would be futile. White v. Lewis, 874 F.2d 599, 602 (9th Cir.1989)
 
 
 [6]
 The "plain statement" rule, derived from Michigan v. Long, applies to federal habeas review as stated: "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case " 'clearly and expressly' " states that its judgment rests on a state procedural bar." Harris, 489 U.S. at 263 (citations omitted)
 
 
 [7]
 The Court stated this proposition more clearly:
 Where a petitioner defaults a claim as a result of the denial of the right to effective assistance of counsel, the State, which is responsible for the denial as a constitutional matter, must bear the cost of any resulting default and the harm to state interests that federal habeas review entails. A different allocation of costs is appropriate in those circumstances where the State has no responsibility to ensure that the petitioner was represented by competent counsel.
 Coleman, 111 S.Ct. at 2567.
 
 
 [1]
 For this reason, I would not reach the question of whether he is barred from presenting his other ineffective assistance of counsel claim