NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DANIEL JAMES STONER, *Petitioner*.

No. 1 CA-CR 24-0404 PRPC

FILED 03-25-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2017-157518-001
The Honorable Jay R. Adleman, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Daniel James Stoner, Kingman
*Petitioner*

Maricopa County Attorney's Office, Phoenix
By Phillip D. Garrow
*Counsel for Respondent*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Angela K. Paton joined.

**T H U M M A**, Judge:

¶1        Daniel James Stoner petitions for review from the superior court's summary dismissal of his post-conviction relief (PCR) petition filed under Arizona Rule of Criminal Procedure 33. For the reasons that follow, this court grants review but denies relief.

## FACTS AND PROCEDURAL HISTORY

¶2        In December 2017, Stoner was charged with two counts of sexual conduct with a minor, Class 2 felony offenses; one count of child molestation, a Class 2 felony offense; three counts of sexual abuse, Class 3 felony offenses; and two counts of attempted sexual abuse, Class 4 felony offenses. The indictment alleged the victim was under 15 years of age and that the offenses were Dangerous Crimes Against Children (DCAC). The State later amended the indictment to allege aggravating circumstances, including betrayal of trust by a parental figure. In a pre-indictment interview with police, Stoner admitted in detail to conduct aligning with the charges on eight occasions between May and June 2017, when the victim was about 12 years old.

¶3        In January 2019, Stoner pled guilty to three counts of attempted sexual conduct with a minor, Class 3 felonies, DCAC offenses and non-dangerous, non-repetitive offenses. The State agreed to dismiss the remaining charges. The plea agreement provided that Stoner would be sentenced to a prison term of between 11.75 and 15 years for Count 3 and to lifetime probation with sex offender and computer usage terms for Counts 1 and 2. The plea agreement also stated that, if accepted by the court, Stoner "hereby waives and gives up any and all motions, defenses, objections or requests which [Stoner] has made or raised, or could assert hereafter, to the court's entry of judgment against him and imposition of a sentence upon him consistent with this agreement." After a full colloquy, including Stoner providing a factual basis for his guilty pleas, the court found Stoner knowingly, voluntarily and intelligently entered into the guilty plea and accepted it.

¶4        At a February 2019 sentencing, after receiving information provided, including Stoner's apology and statement that he would accept "whatever punishment I receive and more," the court sentenced Stoner to 12.5 years in prison for Count 3 and placed him on lifetime probation upon his release from prison for Counts 1 and 2, including sex offender registration and computer usage terms.

¶5          Beginning in May 2019, as a self-represented litigant, Stoner filed several seemingly identical PCR petitions. Then, at Stoner's request, counsel was appointed to represent him. Stoner's attorney filed a notice of completion of review, stating "there is a colorable claim regarding ineffective assistance of counsel," indicating there was no "physical, scientific or testimonial" evidence supporting his confession on Count 3, implicating a possible corpus delicti defense which prejudiced him because Stoner would not have accepted the plea agreement if he were aware of the defense.

¶6          The superior court construed this filing as "asserting no colorable claim for relief," changing Stoner's court-appointed attorney to advisory counsel and allowing Stoner to file a self-represented PCR petition. After several extensions, in March 2022, Stoner filed a timely "Rule 33 Brief," seeking to raise claims under Rule 33.1(a) (ineffective assistance of counsel or IAC), (b) (subject matter jurisdiction), (c) (illegal sentence) and (h) (insufficient evidence).

¶7          After considering Stoner's Rule 33 Brief (which it construed as a PCR petition), the State's response, Stoner's reply and the plea agreement and other filings, the court summarily dismissed the petition without an evidentiary hearing. The court found Stoner's: (1) IAC claims were precluded by the plea agreement and not supported by any colorable claim of prejudice "especially in view of [Stoner's] statements to the Court at the time of sentencing;" (2) subject matter jurisdiction argument failed, given the indictment invoked the court's jurisdiction and (3) illegal sentence arguments, based on constitutional challenges to Arizona Revised Statutes (A.R.S) sections 13-1404, -1405 and -1410, failed because he did not comply with the notice requirements to assert such an argument under A.R.S. § 12-1841 and he waived those defenses in his plea. Stoner's timely petition for review by this court followed.

**DISCUSSION**

¶8          This court reviews the summary dismissal of a PCR petition for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566 ¶ 17 (2006) (citing cases). Summary dismissal is appropriate if the petition presents no "material issue of fact or law that would entitle the defendant to relief." Ariz. R. Crim. P. 33.11(a). A petition seeking review by this court must contain "reasons why the appellate court should grant the petition," including a statement of issues, material facts and citations to supporting legal authority. Ariz. R. Crim. P. 33.16(c)(2)(B)-(D). Petitioner must strictly

comply with these requirements. *See Canion v. Cole*, 210 Ariz. 598, 600 ¶ 11 (2005).

**¶9**        A petition for review by this court cannot expand the alleged basis for relief by seeking to assert arguments not first raised with the superior court. *See, e.g.,* A.R.S. § 13-4239(C); Ariz. R. Crim. P. 33.16(c)(2)(B); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980). Similarly, any argument raised with the superior court but not raised in a petition seeking review by this court is waived. *See, e.g., State v. McFord*, 125 Ariz. 377, 380 (App. 1980); *State v. Thompson*, 139 Ariz. 552, 554 (App. 1984); *accord* A.R.S. § 13-4239**.** Applying these standards, Stoner has shown no error.

## I.        Rule 33.1(a) IAC Claim.

**¶10**        Stoner argues counsel failed to file pre-trial motions to dismiss based on actual innocence and equal protection along with defenses of no criminal intent and insufficiency of evidence. "By entering a guilty plea, a defendant waives . . . claims of ineffective assistance of counsel, except those that relate to the validity of a plea." *State v. Banda*, 232 Ariz. 582, 585 ¶ 12 (App. 2013) (citing cases); *see also State v. Villegas-Rojas*, 231 Ariz. 445, 446 ¶ 6 (App. 2012) ("We do not consider claims of ineffective assistance of counsel for a pleading defendant except to the extent they relate to the validity of his plea.") (citing cases). Therefore, other than claims relating to the acceptance or validity of the plea or sentence, Stoner has waived any IAC claims.

**¶11**        Stoner argues his "actions are neither illegal and/or unlawful pursuant A.R.S. § 13-1407 and/or A.R.S. § 13-1412" and (2) counsel failed to inform Stoner of a possible corpus delicti defense to Count 3. To prevail on an IAC claim, Stoner "must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *State v. Bennett*, 213 Ariz. 562, 567 ¶ 21 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "To establish deficient performance during plea negotiations, a petitioner must prove that the lawyer either (1) gave erroneous advice or (2) failed to give information necessary to allow the petitioner to make an informed decision whether to accept the plea." *State v. Donald*, 198 Ariz. 406, 413 ¶ 16 (App. 2000) (citing cases). To establish prejudice, Stoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

¶12         Stoner alleges IAC based on counsel's failure to advise him of potential affirmative defenses under A.R.S. § 13-1407 and 13-1412. Stoner has not shown how he could have relied on the defenses in A.R.S. § 13-1407 that provide defenses for the acts of lawful or licensed medical personnel, lack of knowledge of the victim's age, treatment administered in an emergency, marriage to the victim or young age of the defendant. Nor could A.R.S. § 13-1412 apply, given there was no suggestion that Stoner was "[a] peace officer." Similarly, these defenses do not negate the acts Stoner admitted in his guilty plea. Nor was counsel obligated to use any specific defenses. *See State v. Medina*, 232 Ariz. 391, 403 ¶ 34 (2013) (citation omitted).

¶13         Stoner's corpus delicti argument would only apply to Count 3. In Arizona, "a defendant may not be convicted of a crime based on an uncorroborated confession without independent proof of the corpus delicti." *State v. Morgan*, 204 Ariz. 166, 170 ¶ 15 (App. 2002) (citing cases). That required corroboration, however, is modest. "[O]nly a reasonable inference of the corpus delicti need exist before a confession may be considered; it need not be proven beyond a reasonable doubt." *State v. Gerlaugh*, 134 Ariz. 164, 170 (1982) (citing cases)**.** "[W]hen a defendant confesses to several related crimes, independent evidence that establishes the commission of the closely related crimes may suffice to corroborate the confession as a whole, rendering it admissible." *State v. Carlson*, 237 Ariz. 381, 388 ¶ 11 (2015) (citing cases). The corpus delicti rule also does not defeat the factual basis of a plea provided by the defendant. *State v. Rubiano*, 214 Ariz. 184, 186 ¶ 10 (App. 2007) (citing cases). Here, Stoner admitted to committing the three related crimes and those crimes were corroborated by independent evidence. For these reasons, he has shown no error in the superior court's dismissing his Rule 33.1(a) IAC claims.

## II.    Rule 33.1(b) Subject Matter Jurisdiction Claims.

¶14         Stoner argues the superior court did not have subject matter jurisdiction because he was actually innocent, the superior court improperly addressed jurisdiction over the indictment (not sentencing) and the defenses discussed above available to peace officers and behavioral health professionals violate his equal protection rights.

¶15         The superior court has original jurisdiction over felony offenses like those Stoner was charged with here. *State v. Maldonado*, 223 Ariz. 309, 312 ¶ 20 (2010). The indictment, alleging Stoner committed the offenses in Maricopa County, invoked the subject matter jurisdiction of the Arizona Superior Court in Maricopa County. *State v. Fimbres*, 222 Ariz. 293, 302 ¶ 32 (App. 2009); A.R.S. § 13-109.

¶16        "[J]urisdiction is established at the time of filing of the lawsuit and cannot be ousted by subsequent actions or events." *Fry v. Garcia*, 213 Ariz. 70, 73 ¶ 10 (App. 2006) (citation omitted). Accordingly, Stoner's attempt to distinguish between jurisdiction over the indictment and jurisdiction over sentencing fails. Stoner's subject matter jurisdiction challenges (including the constitutionality of a criminal statute, defects in the indictment and claimed actual innocence) do not deprive a court of its power to adjudicate a case. *See United States v. Williams*, 341 U.S. 58, 66 (1951) ("[T]he unconstitutionality of the statute under which the proceeding is brought does not oust a court of jurisdiction.") (citing cases); *Lamar v. United States*, 240 U.S. 60, 65 (1916) ("[The court] acts equally within its jurisdiction whether it decides a man to be guilty or innocent under the criminal law, and whether its decision is right or wrong."); *State v. Crocker*, 163 Ariz. 516, 517 (App. 1990) ("[C]hallenge to the constitutionality of a statute is a nonjurisdictional defense.") (citing cases); *State v. Reed*, 121 Ariz. 547, 548 (App. 1979) ("[T]he denial of a procedural right during a grand jury's 'probable cause' proceeding is a non-jurisdictional defect inasmuch as it can be waived by an indicted defendant."). For these reasons, Stoner's arguments that the court lacked subject matter jurisdiction fail.

## III.    Rule 33.1(c) Illegal Sentence Claim.

¶17        Stoner's illegal sentence claim was based on constitutional challenges to A.R.S. §§ 13-1404, -1405 and -1410. The superior court rejected those claims in part because Stoner failed to comply with the notice requirement in A.R.S. § 12-1841. In seeking review, Stoner argues that "by attempting to add [A.R.S] § 12-1841 to Rule 33 proceedings, the court plainly complicated the proceeding in an unfair manner that delayed the proceeding while denying Mr. Stoner's fundamental Due Process rights." But Stoner cites no exception for PCR proceedings to the statutory notice for constitutionality claims required by A.R.S. § 12-1841. The superior court properly noted Stoner failed to comply with A.R.S. § 12-1841 in making his claim of unconstitutionality.

¶18        Under terms of his plea agreement, Stoner also "waive[d] and [gave] up any and all motions, defenses, objections, or requests which he has made or raised, or could assert hereafter." "A defendant who pleads guilty waives the right to assert on review all non-jurisdictional defenses, including deprivations of constitutional rights." *State v. Chavez*, 243 Ariz. 313, 318 ¶ 14 (App. 2017) (citing cases). Stoner thus waived the right to assert all non-jurisdictional defenses.

**¶19** The superior court found there was no basis to support his claim of an illegal sentence pursuant to Rule 33.1(c) because Stoner's sentence is within the lawful ranges set forth under A.R.S. § 13-705 and the terms of the plea agreement. Stoner offers no legal authority to suggest the sentence violated the sentencing scheme or that the court imposed an unconstitutional sentence.

## CONCLUSION

**¶20** This court grants review but denies relief.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**: JR