755 P.2d 444

STATE of Arizona, Petitioner–Appellee,

v.

Anthony Charles FRITZ,
Respondent–Appellant.

Nos. 1 CA–CR 10342, 1
CA–CR 11731–PR.

Court of Appeals of Arizona,
Division 1, Department A.

March 1, 1988.

Review Denied June 28, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., and John B. Barkley, Asst. Atty. Gen., Phoenix, for appellee.

Thomas E. Collins, Maricopa County Atty. by H. Allen Gerhardt, Deputy Co. Atty., Phoenix, for petitioner.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for respondent-appellant.

## OPINION

JACOBSON, Presiding Judge.

The sole issue raised by this appeal is whether the provisions of Rule 32, Rules of Criminal Procedure, dealing with "newly discovered evidence" are available to set aside a plea of guilty entered pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

Appellant/defendant, Anthony Charles Fritz, pled guilty by way of *Alford* in 1986 to one count of attempted sexual conduct with a minor in the second degree in violation of A.R.S. § 13–1405, a class 3 felony. The defendant was sentenced on June 12, 1986, to lifetime probation with one year in the Maricopa County jail and 18 months with the Arizona Family as conditions of

probation. He has filed a timely notice of appeal.

On September 8, 1986, counsel for the defendant filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), alleging no arguable issues. No supplemental brief was filed. On November 14, 1986, this court ordered the state to file an answering brief and address the issue of whether a defendant could be legally sentenced to lifetime probation. On December 4, 1986, the answering brief was filed. No reply brief was filed.

On September 29, 1986, the defendant filed a petition for post-conviction relief based on the fact that the minor victim in the case recanted his testimony. This appeal was stayed while the petition for post-conviction relief was considered in superior court. On March 31, 1987, the trial judge, after an evidentiary hearing, issued an order granting defendant's petition for post-conviction relief, vacated the judgment of conviction and sentence and reinstated the original charges. After the state filed a motion for rehearing and the trial judge denied the motion, the state filed a petition for review by this court.

In the motion for rehearing, the state preserves the following issues:

(1) Did the trial court err by finding that newly discovered evidence could serve as a basis for setting aside a plea of guilty?

(2) Did the trial court err in granting the defendant relief based upon the testimony at the evidentiary hearing?

## RULE 32 AND GUILTY PLEAS

■ In its motion for rehearing, the state alleges that the trial judge erred because the defendant had waived all nonjurisdictional defenses by his plea of guilty, relying upon *State v. Canaday*, 116 Ariz. 296, 569 P.2d 238 (1977), and *State v. Defoy*, 109 Ariz. 159, 506 P.2d 1053 (1973). Although this is the general rule, we find that its application in this case would not be proper.

Under Rule 32.1(e), Arizona Rules of Criminal Procedure, 17 A.R.S., newly discovered evidence is an appropriate ground upon which to seek Rule 32 relief. Rule 32.1 applies to persons who have been convicted of, or sentenced for, a criminal offense, generally; the Rule makes no distinction between those persons convicted after trial and those convicted by virtue of a guilty plea. Normally, however, Rule 32.1(e) is applied quite restrictively to overturn guilty pleas. As this court said in declining to vacate a guilty plea in *State v. McFord*, 125 Ariz. 377, 609 P.2d 1077 (App. 1980):

A plea agreement may operate in favor of persons who are not manifestly guilty of the crime charged when such a person, faced with a distinct possibility of a finding of guilt, may elect to enter into a plea and receive a sentence far less severe than might possibly have resulted from a trial on the original offense ... (W)hen a plea is knowingly and voluntarily entered with effective assistance of counsel, and when there is a factual basis for the plea, "the foundation and purpose of plea bargaining would be undermined by allowing a party to later recant and request withdrawal of his guilty plea."

*McFord* at 379, 609 P.2d at 1079.

However, the "factual basis" for an *Alford* plea is directly related to the strength of the state's case against the defendant. As was noted in *Alford*:

Here, the state had a strong case of first-degree murder against Alford. Whether he realized or disbelieved his guilt, he insisted on his plea because of his view he had absolutely nothing to gain by a trial and much to gain by pleading. Because of the overwhelming evidence against him, a trial was precisely what neither Alford nor his attorney desired.

In an *Alford* plea situation then, the "factual basis" provided by the state becomes all-important, as its strength is the primary inducement for the plea. When the newly discovered evidence removes the underpinnings for such a factual basis, as

it did here, the trial court may properly consider such evidence in the context of a Rule 32 proceeding. This is consistent with Rule 17.5, Arizona Rules of Criminal Procedure 17 A.R.S. (trial court in its discretion may allow a defendant to withdraw a plea of guilty when necessary to correct a "manifest injustice.")

■ If the sole basis for the strength of the state's case is the credibility of the victim, as is usually the case in non-witnessed sexual assaults, and the defendant's plea is based upon the supposition that the victim will be believed, then it appears in the interest of "manifest justice" that when the victim's credibility is called into question by a recantation, the trial court does not abuse its discretion by allowing a plea to be withdrawn in order that the victim's credibility be tested in the crucible of trial.

■ The state next contends that the trial judge erred by giving any credibility to the testimony of the recanting victim or the defendant. At the evidentiary hearing in this matter, the victim stated that he had lied about his accusations and had acted under duress from someone seeking revenge against the defendant. The trial court is the sole arbitrator of the credibility of witnesses. The state has failed to show any evidence that the trial judge abused his discretion in this matter. *State v. Bishop*, 137 Ariz. 5, 667 P.2d 1331 (App.1983).

## DIRECT APPEAL

The state, in defendant's direct appeal, was ordered by this court to address the issue of whether or not lifetime probation could be imposed. However, in the Rule 32 proceedings, the superior court vacated the earlier judgment of conviction and sentence. As this court has upheld the granting of post-conviction relief by the trial court, any issue concerning the vacated sentence is now moot.

For the foregoing reasons, review is granted on the petition for review but relief denied and the defendant's direct appeal is dismissed as moot.

HAIRE and GREEN, JJ., concur.