NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

DARREN MARC GROSSMAN, *Appellant.*

No. 1 CA-CR 13-0071
FILED 03/11/2014

---

Appeal from the Superior Court in Maricopa County
No. CR2011-155131-001
The Honorable Peter C. Reinstein, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Reid
Counsel for Appellant

Darren Marc Grossman, Winslow
*Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Jon W. Thompson joined.

---

**W I N T H R O P,** Judge:

**¶1** Darren Marc Grossman ("Appellant") appeals his conviction on count one, trafficking in stolen property, second degree, a class three felony, in violation of Arizona Revised Statutes ("A.R.S.") section 13-2307(A) (West 2014)[1] and count two, theft of means of transportation, a class three felony, in violation of A.R.S. § 13-1814(A)(5). Appellant also challenges his stipulated restitution of $1,380.

**¶2** Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that he has searched the record on appeal and found no arguable question of law that is not frivolous. Appellant's counsel therefore requests that we review the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999). In addition, this court has allowed Appellant to file a supplemental brief *in propria persona*, and he has done so, raising several issues that we address in turn.

**¶3** We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A). Finding no reversible error, we affirm.

---

[1] We cite the current Westlaw version of the applicable constitutional provisions, statutes, and rules, because no revisions material to this decision have since occurred.

**FACTS AND PROCEDURAL HISTORY[2]**

**¶4**        In mid-October 2011, Appellant's former business partner, Aaron Chapin, contacted Detective Chris Mensay of the Phoenix Police Department to report that Appellant was seeking Chapin's assistance to sell a car that Chapin suspected was a rental.  On October 20, Detective Mensay conducted surveillance of Appellant and observed Appellant speeding.  At Detective Mensay's direction, a uniformed officer conducted an investigatory traffic stop with Appellant predicated on the traffic violation, and determined that the car was a rental.  In the meantime, Chapin posted an advertisement with photographs of the rental car on Craigslist and told the police how to find it.  The advertisement included Appellant's phone number.

**¶5**        On October 24, an undercover officer contacted Appellant through the phone number on the advertisement and set up a meeting regarding the sale of the car.  On October 25, the undercover officer, posing as a potential buyer, and another undercover officer, posing as her mechanic, met with Appellant to arrange the sale of the car.  Appellant discussed a purchase price with the undercover officer, but Appellant refused to take a cash down payment when the undercover officer explained she needed to secure a bank loan for the rest of the purchase price of the car.  Appellant was arrested following this meeting.

**¶6**        At the May 25, 2012 settlement conference, the trial court, the State, defense counsel, and Appellant discussed the plea deal offered by the State:  five years on count one, trafficking in stolen property.  The parties also discussed how, if Appellant was found guilty, the three out-of-state prior convictions alleged by the State could negatively impact Appellant's sentence.  Appellant rejected this plea deal.

**¶7**        Following Appellant's motion to suppress evidence from the investigatory stop, the trial court held an evidentiary hearing on June 11.  At the hearing, Detective Mensay discussed how he determined Appellant was speeding by comparing Appellant's observed speed to Detective Mensay's speedometer, in light of the posted speed limit.  Detective Mensay testified that he was not sure if the speedometer in his vehicle was calibrated.  The uniformed officer that conducted the traffic stop also

---

[2]        We review the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant.  *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

testified about her interaction with Appellant. The trial court denied the motion to suppress evidence from the traffic stop, concluding that Detective Mensay had reasonable suspicion that the traffic violation occurred.

¶8 Because the State alleged prior convictions that exposed Appellant to greater than 30 years of incarceration, the trial court impaneled a twelve-person jury with two alternates. At trial, Chapin, Detective Mensay, and other officers involved in the investigation testified regarding the above facts. The State introduced evidence through the rental company's representative that Appellant was not authorized to drive or sell the vehicle. The rental company representative testified that there was an outstanding balance of $1,380.03 related to the rental of the car. The State also introduced videorecorded evidence of the undercover officers' meeting with Appellant in which Appellant offered to sell the rental car. Appellant testified on his own behalf, claiming he never intended to sell the car. Instead, Appellant testified that he fabricated a story about selling the car as a ruse to keep Chapin from demanding payment from previous business transactions. The twelve-person jury returned a verdict of guilty on each count.

¶9 At the January 11, 2013 sentencing hearing, the State did not seek to use Appellant's out-of-state felony convictions because, in the State's determination, the out-of-state information packets lacked enough information to properly connect those convictions to Appellant. Thus, the trial court did not use those prior convictions as a sentence enhancement. After review of a presentence investigative report, arguments from counsel, and a statement from Appellant, the court sentenced Appellant to the presumptive three-and-a-half years of incarceration on count one, concurrent with three-and-a-half years of incarceration on count two; the court also accepted Appellant's stipulated amount of restitution to the rental company. Appellant also received 374 days of pre-sentence incarceration credit. Appellant filed a timely notice of appeal.

## ANALYSIS

### I. *Challenge to Investigatory Stop*

¶10 Appellant challenges the validity of the investigatory traffic stop. Under the Fourth Amendment to the United States Constitution: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV. In *Richcreek*, the Arizona Supreme Court

4

summarized the "cases discussing the police power to stop vehicles, detain, and question persons" to "require[] reasonable suspicion in connection with a crime that was about to be committed, . . . or was being committed at the moment of the stop, . . . or had already been committed." *State v. Richcreek*, 187 Ariz. 501, 504-05, 930 P.2d 1304, 1307-08 (1997) (citations omitted).

¶11 The trial court held an evidentiary hearing to determine whether the investigatory traffic stop violated the Fourth Amendment. At the hearing, Detective Mensay testified that, although he did not know if his car speedometer was calibrated, he determined Appellant was speeding based on his observations, his speedometer, and the posted speed limit. The trial court concluded that the traffic stop was permissible because Detective Mensay had reasonable suspicion that Appellant was speeding. When reviewing a trial court's ruling following an evidentiary hearing, we defer to the judgment of the trial court with respect to its determinations of the witness's credibility and the resolution of any conflicts in the evidence. *See State v. Fritz*, 157 Ariz. 139, 141, 755 P.2d 444, 446 (App. 1988). On this record, we find no error, fundamental or otherwise, in admitting evidence of the investigatory traffic stop.

## II. *Impaneling a Twelve-Person Jury*

¶12 Appellant contends that, because the State could not prove certain prior felony convictions, the jury panel in this case should have been less than the twelve actually seated. Under Article 2, Section 23 of the Arizona Constitution,

> The right of trial by jury shall remain inviolate. Juries in criminal cases in which a sentence of death or imprisonment for thirty years or more is authorized by law shall consist of twelve persons. In all criminal cases the unanimous consent of the jurors shall be necessary to render a verdict. In all other cases, the number of jurors, not less than six, and the number required to render a verdict, shall be specified by law.

Nothing in the Constitution or our case law suggests that a defendant is prejudiced by having too many jurors. As Article 2, Section 23 makes clear, a twelve-person jury is a benefit to a defendant because of the additional protection afforded by requiring unanimity of a larger group of jurors. Accordingly, we find no error, let alone fundamental error, by the

trial court relative to this issue. *See State v. Henderson*, 210 Ariz. 561, 567-68, ¶¶ 19-20, 115 P.3d 601, 607-08 (2005).

###### III.      *Use of Prior Out-of-State Convictions for Impeachment*

**¶13**      Appellant argues the State's disclosed intent to use his out-of-state convictions for impeachment purposes at trial improperly induced Appellant to admit the prior convictions during direct examination, thus eliminating the need for the State to formally prove the existence of such convictions. Under Arizona Rule of Evidence 609(a), the State may attack a defendant-witness's "character for truthfulness" by introducing evidence of a criminal conviction "for a crime that, in the convicting jurisdiction, was punishable . . . by imprisonment for more than one year," provided "the probative value of the evidence outweighs its prejudicial effect to that defendant." "[A] defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error." *Ohler v. United States*, 529 U.S. 753, 760 (2000).

**¶14**      During direct examination of the Appellant, the following exchange took place:

> Q:  Now, Darren, this is not the first time that you have been in a courtroom, is it?
>
> A:  No, it's not.
>
> Q:  In fact, you have pled guilty a couple of times to felonies?
>
> A:  Correct.

The State did not ask Appellant about his prior convictions during cross-examination. Appellant's argument on appeal fails because he introduced evidence of his prior convictions on direct examination and cannot claim fundamental error on appeal.[3]

---

[3]      We note that the trial court also gave an appropriate jury instruction to cure any potential prejudice stemming from Appellant's admission:

> You have heard evidence that the defendant has previously been convicted of a criminal offense. You may consider that

**IV.** *Credibility of Witnesses*

**¶15**        Appellant argues that Detective Mensay's testimony was not credible because of alleged discrepancies between his testimony at the evidentiary hearing and at trial.  This argument is unavailing on appeal because "[t]he finder-of-fact, not the appellate court, weighs the evidence and determines the credibility of witnesses." *State v. Cid,* 181 Ariz. 496, 500, 892 P.2d 216, 220 (App. 1995).

**¶16**        Appellant similarly argues that his attorneys below provided ineffective assistance of counsel by failing to challenge the officer's credibility as a strategic decision.  This court will not consider claims of ineffective assistance of counsel on direct appeal. *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002).

**V.**        *Refusal to Ask Jury Question*

**¶17**        Appellant argues that the trial court improperly excluded one of several questions from the jury during Appellant's testimony. Appellant contends that his answer to the proffered jury question would have buttressed his claim that he lacked the proper intent to commit the crimes.  At trial, the court and both counsel screened the subject question, and considered the question irrelevant.  Arizona Rule of Evidence 401 provides the measure for relevant evidence.  Under this legal framework, to the extent that the question can be understood as asking about Appellant's intent, the court did not abuse its discretion, much less commit fundamental error, in refusing to ask the question because Appellant had already extensively testified regarding his intent during direct and cross examination.

**VI.**        *Sufficiency of the Evidence*

**¶18**        Appellant next argues that insufficient evidence supports his convictions.   Appellant maintains that the State failed to prove the requisite intent for trafficking in stolen goods, and that a judgment of acquittal should have been entered after the State rested its case.

---

evidence only as it may affect the defendant's believability as a witness.  You must not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

¶19            "On motion of a defendant or on its own initiative, the court shall enter a judgment of acquittal . . . if there is no substantial evidence to warrant a conviction." Ariz. R. Crim. P. 20(a). "We review a trial court's denial of a motion for judgment of acquittal for an abuse of discretion and will reverse only if no substantial evidence supports the conviction." *State v. Guadagni*, 218 Ariz. 1, 3, ¶ 8, 178 P.3d 473, 475 (App. 2008). Substantial evidence "is proof that reasonable persons could accept as convincing beyond a reasonable doubt." *State v. Windsor,* 224 Ariz. 103, 104, ¶ 4, 227 P.3d 864, 865 (App. 2010).

¶20            In this case, substantial evidence supports Appellant's conviction. Appellant was charged with one count of trafficking in stolen property, second degree, a class three felony, in violation of A.R.S. § 13-2307(A). Under § 13-2307(A), "A person who recklessly traffics in the property of another that has been stolen is guilty of trafficking in stolen property in the second degree." Appellant also was charged with one count of theft of means of transportation, a class three felony, in violation of A.R.S. § 13-1814(A)(5). Under § 13-1814(A)(5), "A person commits theft of means of transportation if, without lawful authority, the person knowingly . . . [c]ontrols another person's means of transportation knowing or having reason to know that the property is stolen."

¶21            The testimony elicited at trial indicates that Appellant had been in control of the rental car during the meeting with the undercover officer immediately before his arrest. The State offered evidence that the rental car was not rented by Appellant, that Appellant was not an authorized driver, that the Appellant had not paid for the use of the car at the time of his arrest, and that Appellant did not have authority from the rental car company to sell the car. The State also presented evidence that Appellant expressed an interest in selling the car and that Appellant set up a meeting with a buyer (an undercover officer) for the purposes of selling the rental car. In any event, it was for the jury to determine the credibility of the witnesses, including Appellant, and to weigh the evidence. *See Cid,* 181 Ariz. at 500, 892 P.2d at 220. Because substantial direct and circumstantial evidence supports the verdict, the trial court did not abuse its discretion, much less commit fundamental error, in denying Appellant's motion for judgment of acquittal.

**VII.**    *Jury "Misconduct" or "Bias"*

¶22            Appellant also argues that the jury potentially held a "grudge" against him because one of the jurors could not start jury deliberations until 10:30 a.m. On the fourth day of trial, as the jurors set

their deliberations schedule, a juror advised the court that the other members of the jury wanted to begin at 8:00 a.m., but that the juror had class until 9:40 a.m. and could not get to the courthouse until 10:30 a.m. The court determined that the juror did not need to be excused with an alternate to take her place, and that the rest of the jury would simply need to wait to begin deliberations until she arrived. Nothing in the record supports Appellant's contention that the other jurors improperly blamed him for the later start time, and we find no fundamental error in the trial court's decision not to replace the juror with an alternate. *See Henderson*, 210 Ariz. at 567-68, ¶¶ 19-20, 115 P.3d at 607-08.

## VIII. *Jury Instructions*

**¶23** Appellant argues that the trial court erred by failing to give a lesser included offense instruction to the jury, such as an instruction regarding attempt to commit the offense charged. "[I]t is fundamental error for the trial court to fail to give a lesser-included offense instruction *if one is supported by the evidence.*" *State v. Andriano,* 215 Ariz. 497, 504, ¶ 32, 161 P.3d 540, 547 (2007) (emphasis added). Under Arizona Rule of Criminal Procedure 23.3, "[f]orms of verdicts shall be submitted to the jury for all offenses necessarily included in the offense charged, an attempt to commit the offense charged or an offense necessarily included therein, if such attempt is an offense." As discussed above, the State presented direct and circumstantial evidence that Appellant intended to sell the rental car; Appellant testified that he had no such intent to sell. Thus, the lack of an instruction on the lesser-included charge of attempt on either count was not fundamental error because the instruction was not supported by the facts as presented by the State or Appellant's own defense.

## IX. *Stipulated Restitution*

**¶24** Appellant challenges his stipulated restitution of $1,380 owed to the rental company as a result of Appellant's unauthorized and unpaid use of the rental car, claiming that the restitution is excessive. Appellant's argument fails because "[n]o restitution can be imposed beyond that established by the conviction and factually supported by the record, *unless defendant otherwise agrees.*" *State v. West*, 173 Ariz. 602, 609, 845 P.2d 1097, 1104 (App. 1992) (emphasis added). The testimony at trial supports the amount of restitution; in any event, the defense stipulated to the amount of restitution. Although Appellant argues that his attorneys provided ineffective assistance of counsel in this regard, this court will not

consider claims of ineffective assistance of counsel on direct appeal. *Spreitz*, 202 Ariz. at 3, ¶ 9, 39 P.3d at 527.

### X. *Sentencing, Prosecutorial Vindictiveness, and the Plea Deal*

**¶25** Appellant argues the State should have reinstated "a plea deal in accordance with a first time offender" because the State ultimately chose not to present evidence of Appellant's out-of-state convictions at sentencing. "Discretion over plea bargaining is a core prosecutorial power, but not one without constraints. It is well established, for example, that the courts may intervene to reinstate a plea offer that the State has withdrawn for vindictive reasons." *State v. Donald*, 198 Ariz. 406, 417, ¶ 39, 10 P.3d 1193, 1204 (App. 2000).

**¶26** At sentencing, the State did not use Appellant's out-of-state felony convictions because it determined that the out-of-state information packets inadequately connected Appellant to the prior convictions; nothing in the record suggests prosecutorial vindictiveness led to the State's reliance on those out-of-state convictions in formulating or in considering revisions to its plea offer. Absent such a showing, the trial court was not required to reinstate the initial plea offer with modifications more favorable to Appellant. We find no error, let alone fundamental error, in this regard. *See Henderson*, 210 Ariz. at 567-68, ¶¶ 19-20, 115 P.3d at 607-08.

### XI. *Other Issues*

**¶27** We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence presented at trial was substantial and supports the verdict, and the sentencing proceedings followed the statutory requirements. Appellant was represented by counsel at critical stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶28** After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶29        Appellant's conviction and sentence are affirmed.

