NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CHARLOTTE EYVONNE WELLS, *Petitioner*.

No. 1 CA-CR 13-0011 PRPC
FILED 03/13/2014

Petition for Review from the Superior Court in Maricopa County
No. CR2009-116542-001
The Honorable Robert L. Gottsfield, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz

*Counsel for Respondent*

Charlotte Eyvonne Wells, Goodyear

*Petitioner*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Maurice Portley joined.

---

**N O R R I S,** Judge:

**¶1**         Petitioner Charlotte Eyvonne Wells petitions this court for review of the superior court's dismissal of her petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**         A jury convicted Wells of conspiracy to commit possession of marijuana for sale and transportation of marijuana for sale. The superior court sentenced her to concurrent terms of 9.25 years imprisonment for each count, and this court affirmed her convictions and sentences on direct appeal. *State v. Wells*, 1 CA-CR 09-0774 (Ariz. App. Jan. 6, 2011) (mem. decision). Wells then filed a petition for post-conviction relief. The superior court held a two-day evidentiary hearing on the claims it found colorable and denied relief. We have jurisdiction over Wells's petition pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3**         As we construe her petition, Wells argues her trial counsel was ineffective when he failed to inform the State she wanted to accept the State's plea offer. She also claims counsel failed to explain to her that probation was not available pursuant to the plea.

**¶4**         We deny relief. Both Wells and her trial counsel testified at the evidentiary hearing, and the State introduced the plea offer into evidence. The court found counsel visited Wells in jail several times, informed her of the plea offer, and explained the terms of the offer to her. As the court explained, the written plea offer made it clear that if Wells accepted the offer, she would "be sentenced to the Arizona Department of Corrections for the presumptive term of 3.5 years." (Internal quotation mark omitted). The court further found counsel had explained this to Wells and Wells had rejected the offer. And, the court found the plea offer had already expired when Wells changed her mind and attempted to accept the offer after the superior court denied her motion to suppress. Finally, the court specifically rejected Wells's argument counsel had "tried

to stop her from being offered a plea . . . or stopped her from accepting a plea and . . . told her to go to trial as he had a surprise for the state."

**¶5** The superior court concluded that the facts presented "a classic case of buyer's remorse" based on Wells's belated realization she should have accepted the plea offer. The court also found counsel had not been ineffective at any stage of the proceedings and had acted "reasonably and competently in all respects." The determination of the credibility of witnesses at an evidentiary hearing in a post-conviction relief proceeding rests solely with the superior court. *State v. Fritz*, 157 Ariz. 139, 141, 755 P.2d 444, 446 (App. 1988).

**¶6** Although Wells presents additional claims in her petition for review, the superior court held she had abandoned the claims because she failed to present any evidence to support them at the evidentiary hearing. We, too, find those claims abandoned.

**¶7** For the above reasons, we grant review but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh