NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

CHIP MORAY SMITH, *Petitioner.*

No. 1 CA-CR 13-0342 PRPC
FILED 1-27-2015

Petition for Review from the Superior Court in Mohave County
No. CR2009-1075
The Honorable Rick A. Williams, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

Mohave County Legal Defender's Office, Kingman
By Ronald S. Gilleo
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Maurice Portley and Judge Jon W. Thompson joined.

---

**G O U L D,** Judge:

¶1        Petitioner Chip Moray Smith petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

I.        Background

¶2        Smith was a prisoner in the Mohave County jail. On the date of the incident, Smith removed one of his hands from a restraint and attacked one of the detention officers transporting him within the jail facility. Smith contends he told his attorney he acted in self-defense and that footage from the jail's video surveillance system would support his claim. He further contends he told his attorney that three days after the incident, jail personnel took photographs of injuries he sustained during the altercation. Smith believed these photographs would also support his claim of self-defense.

¶3        Smith's counsel sought production of the video and the additional photographs and the trial court twice ordered the State to produce the evidence if it existed. The State maintained there was no video of the incident and that nobody took photographs of Smith in the days after the incident. The State asserted jail personnel took photographs only on the date of the incident and that it had already produced copies of those photographs.

¶4        Smith eventually pled guilty to aggravated assault on the day the offer was to expire. The trial court sentenced him to a stipulated term of three years' imprisonment. Four days later, a detention officer from the jail informed Smith's post-conviction relief counsel that he took digital photographs of Smith's injuries approximately two days after the incident and did so at Smith's request.

¶5        Smith filed a petition for post-conviction relief of-right in which he claimed he had newly discovered evidence that jail personnel took additional photographs of Smith's injuries in the days after the incident and that the State failed to disclose and/or had lost or destroyed those photographs.  Smith further claimed the jail's video surveillance system would have captured all or part of the incident and the State failed to disclose and/or had lost or destroyed the video as well.  Smith argued not only that this evidence would have supported his claim of self-defense, but he would have proceeded to trial and sought a jury instruction pursuant to *State v. Willits*, 96 Ariz. 184, 393 P.2d 274 (1964), had he known the evidence was lost or destroyed.  Finally, Smith claimed his trial counsel was ineffective when he failed to take adequate measures to determine that jail personnel had taken the additional photographs and determine the incident should have been captured on video.

¶6        The trial court found Smith presented colorable claims for relief and held an evidentiary hearing.  Over the course of two days, the court heard testimony from Smith's trial counsel, several jail personnel, Smith's investigator and Smith himself.  The trial court ultimately denied relief and Smith now seeks review.

II.    Discussion

¶7        Whether to grant or deny post-conviction relief pursuant to Rule 32 is within the trial court's discretion.  This court will not reverse the trial court's decision absent an abuse of discretion. *State v. Schrock*, 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986).  Abuse of discretion is "an exercise of discretion which is manifestly unreasonable, exercised on untenable grounds or for untenable reasons."  *State v. Woody*, 173 Ariz. 561, 563, 845 P.2d 487, 489 (App. 1992).  In reviewing an exercise of discretion, "[T]he question is not whether the judges of this court would have made an original like ruling, but whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason.  We cannot substitute our discretion for that of the trial judge." *Associated Indem. Corp. v. Warner* 143 Ariz. 567, 571, 694 P.2d 1181, 1185 (1985), quoting *Davis v. Davis*, 78 Ariz. 174, 179, 277 P.2d 261, 265 (1954) (Windes, J., specially concurring).

¶8        To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To show prejudice, a defendant must show that there is a "reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The different result must be a provable reality, not mere speculation. *State v. Rosario*, 195 Ariz. 264, 268, ¶ 23, 987 P. 2d 226, 230 (App. 1999).

¶9        For a defendant to obtain post-conviction relief based on newly discovered evidence:

> (1) The evidence must appear on its face to have existed at the time of trial but be discovered after trial;
>
> (2) The [petition] must allege facts from which the court could conclude the defendant was diligent in discovering the facts and bringing them to the court's attention;
>
> (3) The evidence must not simply be cumulative or impeaching;
>
> (4) The evidence must be relevant to the case;
>
> (5) The evidence must be such that it would likely have altered the verdict, finding, or sentence if known at the time of trial.

*State v. Bilke*, 162 Ariz. 51, 52-53, 781 P.2d 28, 29-30 (1989).

¶10        We deny relief. Regarding ineffective assistance of counsel, Smith's trial counsel testified it was information Smith provided that caused him to take no further steps to obtain the additional photographs or determine if they were lost or destroyed. Counsel testified Smith told him the victim simply grabbed him by the arm as she and another officer escorted or prepared to escort Smith through the jail facility. Based on Smith's representations, counsel determined the additional photographs were not relevant to the assault against the victim, would not otherwise aid in a claim of self-defense and would not change the outcome of the case. Further, Smith told his counsel that the additional photographs were relevant to show detention officers assaulted him *after* Smith allegedly assaulted the victim, not before. Counsel told Smith "on multiple occasions" that while this might give rise to a civil claim, this was not a defense to the initial assault on the victim. While Smith contested counsel's testimony, the determination of the credibility of witnesses at an evidentiary hearing in a post-conviction relief proceeding rests solely with the trial judge. *State v. Fritz*, 157 Ariz. 139, 141, 755 P.2d 444, 446 (App. 1988). Therefore, the information Smith provided to counsel did not suggest the additional

photographs would aid the defense of the case or that their presence or proven loss or destruction would otherwise contribute to Smith's defense. A court may determine the reasonableness of counsel's actions by the information supplied to counsel by the defendant. *Strickland*, 466 U.S. at 691. Given the information Smith provided counsel, counsel's actions and/or inactions regarding the additional photographs did not fall below objectively reasonable standards.

¶11 Smith also suffered no prejudice from any action or inaction of counsel. Regarding the additional photographs, a detention officer testified he took three digital photographs of Smith's injuries two to four days after the incident and did so at Smith's request. He further testified he followed administrative procedures and gave the digital camera to "administration," but there was no evidence regarding what happened to the camera or digital images after that. Regardless, the additional photographs would have been cumulative. The officer who took pictures of Smith the day of the incident testified he also took photographs of all of Smith's injuries, and Smith does not dispute that the State provided Smith copies of those photographs. Further, that there was any difference between the two sets of photographs is a matter of speculation. The only difference Smith identified between the two sets of photographs was that one of the photographs from the later, additional set would allegedly have shown "four finger marks" under his right arm. That these alleged marks would appear in any photograph is speculation because the officer who took the later photographs testified he took pictures of injuries Smith identified in the area of his wrist, shoulder and head. We also note that Smith never explained at the evidentiary hearing how the victim allegedly grabbing him by the arm while escorting him through a jail, even to the degree of allegedly leaving marks on his arm, or any other action of the victim caused Smith to reasonably believe he needed to defend himself from the victim by attacking her. For these reasons, Smith suffered no prejudice.

¶12 Regarding video of the incident, witnesses testified the incident took place out of the field of view of the jail's surveillance cameras. While Smith presented evidence to the contrary, the determination of the credibility of the witnesses was a matter for the trial court. *Fritz*, 157 Ariz. at 141, 755 P.2d at 446. Therefore, there was nothing counsel could do further to obtain any video or establish the State lost or destroyed any video, and Smith suffered no prejudice from any action or inaction of counsel in regard to the video.

¶13        Regarding these issues in the context of newly discovered evidence, as explained above, the photographs were cumulative to the photographs taken the day of the incident; Smith offers nothing but speculation that the additional photographs would have provided any additional information, and there is nothing but speculation the evidence or its proven loss or destruction would have changed the results. Therefore, the trial court did not abuse its discretion when it denied the petition for post-conviction relief in the context of newly discovered evidence as well as the context of ineffective assistance of counsel. *See Bilke*, 162 Ariz. at 52-53, 781 P.2d 29-30.

¶14        We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED : ama