NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS PRECEDENT IAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JUAN ALBERTO CRUZ, *Petitioner*.

No. 1 CA-CR 13-0604 PRPC
FILED 2-12-2015

Petition for Review from the Superior Court in Maricopa County
No. CR2008-007096-001
The Honorable Paul J. McMurdie, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Juan Alberto Cruz, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge John C. Gemmill, Judge Kenton D. Jones, and Judge Donn Kessler delivered the following decision.

**PER CURIAM**:

¶1        Petitioner Juan Alberto Cruz petitions this Court for review of the dismissal of his petition for post-conviction relief.  We have considered the petition for review, and for the reasons stated, grant review and deny relief.

¶2        Cruz pleaded guilty to attempted first degree murder of a fellow prison inmate, and the trial court sentenced him to an aggravated term of twelve years' imprisonment, to run consecutively to his current prison sentence.  Cruz filed a timely petition for post-conviction relief, which the trial court summarily dismissed.  In its consideration of Cruz's petition for review, this Court denied relief in part, granted relief in part, and remanded for an evidentiary hearing on Cruz's claims of ineffective assistance of trial counsel.  *State v. Cruz*, 2 CA-CR 12-0322 PR (Ariz. App. Oct. 10, 2012) (mem. decision).  On remand, the trial court held an evidentiary hearing and denied Cruz's petition for post-conviction relief.  Cruz now seeks review.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3        The petition for review properly presents two issues.  First, Cruz argues his counsel was ineffective when he allegedly told and/or otherwise led Cruz to believe he would receive concurrent sentences, despite the plea agreement expressly stating there was no agreement as to whether the sentence would run concurrently with, or consecutively to, the prison sentence Cruz was already serving.  Cruz further argues his counsel was ineffective in allegedly telling Cruz he would get presentence incarceration credit when Cruz was already in prison when he committed the offense.

¶4        Whether to grant or deny post-conviction relief pursuant to Rule 32 is within the trial court's discretion.  *State v. Schrock*, 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986) (citing *State v. Adamson*, 136 Ariz. 250, 265, 665 P.2d 972, 987 (1983)).  To establish ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To show prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

¶5        We deny relief.  Cruz's trial counsel testified at the evidentiary hearing he advised Cruz, just as provided in the plea

agreement, that there was no agreement as to whether the sentence would be concurrent with, or consecutive to, his current term of imprisonment. Counsel further testified he said nothing to Cruz to suggest the court would necessarily impose a concurrent sentence, nor anything to suggest even a realistic chance the court would impose a concurrent sentence. Finally, counsel testified he explained to Cruz he would receive no credit for his presentence incarceration if the court imposed a consecutive sentence. While Cruz contested his counsel's testimony, the trial court was free to reject this testimony as the determination of the credibility of witnesses at an evidentiary hearing in a post-conviction relief proceeding rests in its sole discretion. *State v. Fritz*, 157 Ariz. 139, 141, 755 P.2d 444, 446 (App. 1988) ("The trial court is the sole arbitrator of the credibility of witnesses.").

**¶6** While the petition for review presents additional issues, those issues were not before the trial court on remand. We may not consider issues not first presented to and considered by the trial court. *See, e.g.*, *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *see also* Ariz. R. Crim. P. 32.9(c)(1)(ii).[1]

**¶7** We therefore grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED : ama

---

[1] If Cruz wished to seek further review of those issues for which this Court denied relief in 2012, he was required to file a timely petition for review of those issues with the Arizona Supreme Court. Ariz. R. Crim. P. 31.19(a), 32.9(g).