NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOE HERRERA RODRIGUEZ, *Petitioner*.

No. 1 CA-CR 14-0096 PRPC
FILED 8-4-2016

Petition for Review from the Superior Court in Maricopa County
No. CR 1988-002955
The Honorable Robert L. Gottsfield, Retired Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Joe Herrera Rodriguez, Buckeye
*Petitioner*

―――――――――――――

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Samuel A. Thumma joined.

―――――――――――――

**J O N E S**, Judge:

¶1　　　　Joe Herrera Rodriguez petitions for review of the trial court's denial of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1. We review a trial court's ruling on a petition for post-conviction relief for an abuse of discretion. *State v. Kolman*, 239 Ariz. 157, 161, ¶ 9 (2016). Finding no error, we grant review but deny relief.

**FACTS AND PROCEDURAL HISTORY**

¶2　　　　A jury convicted Rodriguez of two counts of kidnapping and one count each of sexual conduct with a minor and attempted molestation of a child. On May 19, 1989, the trial court sentenced Rodriguez to consecutive and concurrent aggravated terms of imprisonment totaling sixty-nine years. The convictions and sentences were affirmed on appeal. *State v. Rodriquez*, 1 CA-CR 89-636 (Ariz. App. Feb. 5, 1991) (mem. decision).

¶3　　　　In September 2012, Rodriguez commenced a proceeding for post-conviction relief alleging his trial counsel was ineffective because he failed to adequately advise Rodriguez about a plea offer made by the State or explain the difference in sentencing under the plea offer and the mandatory sentencing scheme if convicted at trial. The trial court held an evidentiary hearing on the claim, at which Rodriguez, his trial counsel, and the prosecutor who tried the case testified. After considering the evidence presented, the court denied the petition for post-conviction relief, finding Rodriguez failed to sustain his burden of establishing either that there was a plea agreement his counsel did not advise him of, or that his counsel did not explain the consequences he faced if he went to trial. This petition for review followed. We have jurisdiction pursuant to Arizona Revised Statutes section 12-120.21(A)(1) (2016) and Arizona Rule of Criminal Procedure 32.9(c).

**DISCUSSION**

¶4　　　　To obtain relief on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). Once the trial court finds a claim colorable and orders an evidentiary hearing, the defendant has the burden of proving all factual allegations by a preponderance of the evidence. Ariz. R. Crim. P. 32.8(c). After an evidentiary hearing, our review of the court's factual findings "is limited to a determination of whether those findings are clearly erroneous." *State v. Sasak*, 178 Ariz. 182, 186 (App. 1993). In reviewing the findings, "we must view the facts in the light most favorable to sustaining the lower court's ruling, and we must resolve all reasonable inferences against the defendant." *Id*. When the trial court's ruling is based on substantial evidence — that which allows a reasonable person to reach the same conclusion as the fact-finder — this court will affirm. *Id*.; *Mealey v. Arndt*, 206 Ariz. 218, 221, ¶ 12 (App. 2003).

¶5　　　　Here, Rodriguez's trial counsel testified he had no specific memory of any plea offers given the passage of time, but described his normal practice in handling plea offers. The trial court specifically found counsel's testimony credible and there was no reason to believe Rodriguez's counsel did not go over any plea offer with Rodriguez as was his normal practice in all cases or that he failed to inform Rodriguez about the nature of the charges against him or the risks of going to trial. *See State v. Fritz*, 157 Ariz. 139, 141 (App. 1988) (noting "[t]he trial court is the sole arbitrator of the credibility of witnesses" in post-conviction relief proceedings). And, although Rodriguez testified he was unable to accept a twenty-one-year plea deal because of his counsel's deficient performance, the court found this testimony insufficient to establish the plea offer existed in light of the prosecutor's testimony that such an offer was highly unlikely given Rodriguez's status as a high-risk offender.

¶6　　　　Because the testimony at the evidentiary hearing provided substantial evidence to support the trial court's findings that there had been no plea offer of the type Rodriguez claims was made, or that his counsel failed to properly advise him about any plea agreement that may have been made or the consequences of going to trial, we have no basis to alter the court's ruling that Rodriguez failed to sustain his burden of proving he was deprived of effective assistance of counsel.

## CONCLUSION

¶7        We grant review of Rodriguez's petition for review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA