NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

EDWARD FAYE PARKS, *Petitioner*.

No. 1 CA-CR 14-0806 PRPC
FILED 12-6-2016

Petition for Review from the Superior Court in Mohave County
No. S815CR201100853
The Honorable Steven F. Conn, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

Edward Faye Parks, Eloy
*Petitioner Pro Se*

―――――――――――――――

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which
Presiding Judge Diane M. Johnsen and Judge Jon W. Thompson joined.

―――――――――――――――

**M c M U R D I E**, Judge:

**¶1**　　　　Edward Faye Parks petitions for review of the trial court's
denial of his petition for post-conviction relief filed pursuant to Rule 32 of
the Arizona Rules of Criminal Procedure. Absent an abuse of discretion, we
will not disturb a trial court's ruling on a petition for post-conviction relief.
*State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006). Finding no error, we grant
review but deny relief.

**¶2**　　　　A jury convicted Parks of disorderly conduct with a weapon
and two counts of aggravated assault. After this court affirmed his
convictions and sentences in *State v. Parks*, 1 CA-CR 12-0284 (Ariz. App.
Apr. 23, 2013) (mem. decision), Parks filed a petition for post-conviction
relief alleging a claim of ineffective assistance of counsel with respect to the
plea negotiations. The trial court held an evidentiary hearing at which both
Parks and his trial counsel testified. The testimony conflicted in regards to
whether trial counsel properly advised Parks about the evidence necessary
for the State to prove aggravated assault against a police officer. The trial
court found that trial counsel had properly advised Parks regarding the
State's burden, and that Parks would not have agreed to the plea offer
regardless, as he would only accept a probation-only offer. The trial court
denied relief.

**¶3**　　　　To obtain relief on a claim of ineffective assistance of counsel,
a defendant must show that counsel's performance fell below objectively
reasonable standards and that the deficient performance prejudiced the
defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*,
143 Ariz. 392, 397 (1985). When a trial court finds a claim colorable and
conducts an evidentiary hearing, the defendant has the burden of proving
all factual allegations by a preponderance of the evidence. Ariz. R. Crim. P.
32.8(c). After an evidentiary hearing, our review of the trial court's factual
findings "is limited to a determination of whether those findings are clearly
erroneous." *State v. Sasak*, 178 Ariz. 182, 186 (App. 1993). When "the trial
court's ruling is based on substantial evidence, this court will affirm." *Id.*

¶4         Credibility determinations in a Rule 32 proceeding rest solely with the trial judge, *State v. Fritz*, 157 Ariz. 139, 141 (App. 1988), and it is for the trial court to resolve conflicting testimony. *State v. Alvarado*, 158 Ariz. 89, 92 (App. 1988). The trial court found counsel's testimony credible and Parks' testimony not credible. Because the testimony at the evidentiary hearing provides substantial evidence to support the trial court's findings, no basis exists for disturbing the trial court's ruling that Parks failed to sustain his burden of proving he was deprived of effective assistance of counsel.

¶5         While the petition for review seeks to present other issues, Parks did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the trial court. Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991).

¶6         For the foregoing reasons, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA