NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JUSTIN CRESCENCIO CERVANTEZ, *Petitioner*.

No. 1 CA-CR 16-0170 PRPC
FILED 11-16-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-153230-001
The Honorable Cynthia Bailey, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Karen Kemper
*Counsel for Respondent*

Maricopa County Office of the Legal Advocate, Phoenix
By Consuelo M. Ohanesian
*Counsel for Petitioner*

_____

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jennifer B. Campbell and Chief Judge Samuel A. Thumma joined.

_____

**B R O W N,** Judge:

**¶1**        Justin Cervantez petitions this court for review from the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 32.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**        On the day trial was scheduled to commence, Cervantez pled guilty to one count of possession or use of narcotic drugs, and he admitted one prior felony conviction.  He agreed to a sentence of no less than the presumptive term of 4.5 years' imprisonment.  The superior court subsequently imposed that presumptive prison term.

**¶3**        Cervantez timely sought post-conviction relief in the superior court, arguing defense counsel provided ineffective assistance for allowing a more favorable plea offer to expire without informing him of the offer's existence.  The court conducted an evidentiary hearing on Cervantez's claim and denied relief.  This timely petition for review followed.

**¶4**        Cervantez argues the superior court erred in denying him Rule 32 relief.  Cervantez reiterates his claim that his lawyer provided ineffective assistance by failing to inform him of a prior offer that would have resulted in a sentence of 2.5 to 3.75 years' imprisonment ("Expired Offer").

**¶5**        We review the superior court's ruling on a petition for post-conviction relief for abuse of discretion.  *State v. Herrera*, 183 Ariz. 642, 647 (App. 1995) (citing *State v. Schrock*, 149 Ariz. 433, 441 (1986)).  We view the facts in the light most favorable to sustaining the court's ruling and resolve all reasonable inferences against the defendant.  *State v. Sasak*, 178 Ariz. 182, 186 (App. 1993) (citing *State v. Atwood*, 171 Ariz. 576, 596 (1992)).  We will affirm the ruling so long as it is supported by substantial evidence.  *Id.* (citing *Atwood*, 171 Ariz. at 597).  Finally, we are mindful that credibility

determinations in a post-conviction relief proceeding rests solely with the trial judge. *State v. Fritz*, 157 Ariz. 139, 141 (App. 1988).

**¶6** To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that the deficient performance resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397-98 (1985) (adopting the *Strickland* test). "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Missouri v. Frye*, 566 U.S. 134, 147 (2012).

**¶7** After considering the testimony of the prosecutor, defense counsel, and Cervantez at the Rule 32 hearing, the superior court found as follows: (1) defense counsel did not convey the Expired Offer to Cervantez before its expiration date; (2) Cervantez later rejected a "three-year DOC offer" and he "did not want to entertain any offers that day that did not contemplate probation," even though the prosecutor had made it clear to Cervantez that "probation was not going to be an option"; (3) defense counsel reviewed the Expired Offer with Cervantez after its expiration date; and (4) Cervantez would not have accepted the Expired Offer if the State had re-extended it. Based on these findings, the court determined defense counsel's representation was not deficient for failing to attempt to reopen the Expired Offer because Cervantez "was pretty specific throughout . . . that he wanted probation to be an option." The court also found that Cervantez failed to show prejudice because there was no reasonable probability he would have accepted the Expired Offer if it had been re-extended.

**¶8** These findings are supported by the record. Defense counsel testified he reviewed the Expired Offer with Cervantez, who expressed no desire to accept a prison term of any length at any time during the criminal proceedings. The superior court found defense counsel to be a credible witness. On this record, the superior court did not abuse its discretion in finding that defense counsel was not deficient for failing to request that the prosecutor re-extend the Expired Offer.

**¶9** For similar reasons, Cervantez failed to show prejudice. The record supports the conclusion that Cervantez would not—until the day of trial—accept a plea offer unless it included the possibility of probation.

Thus, the record establishes that the rejection of the more favorable plea offer was Cervantez's choice and not the result of counsel's actions.

¶10        In sum, Cervantez did not prove any deficiency in counsel's failing to attempt to reopen the Expired Offer or prejudice caused by counsel's actions. Thus, the superior court did not abuse its discretion in denying Cervantez post-conviction relief. We therefore grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4