NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ERIK MCBEE, *Petitioner*.

No. 1 CA-CR 23-0548 PRPC

FILED 08-01-2024

Petition for Review from the Superior Court in Maricopa County
No. CR2013-110265-001
The Honorable Michael C. Blair, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Michael P. Denea, PLC, Phoenix
By Michael P. Denea
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

**¶1**          Defendant Erik McBee petitions this court to review the dismissal of his petition for post-conviction relief ("PCR") and the denial of his motion for reconsideration. We grant review but deny relief.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**          In January 2014, McBee pled guilty to second-degree murder, a Class 1 dangerous felony. The parties stipulated to a prison term ranging from 14 to 22 years. Before sentencing, the State moved to modify the plea, reducing the minimum prison term to 10 years. McBee responded to the motion with no objection. But the court never ruled on the motion.

**¶3**          In January 2016, the superior court held a sentencing hearing. Defense counsel asked the court for 10 years' imprisonment, "the mitigated sentence." The State requested the maximum of 22 years. The court did not reference the minimum sentence under the plea but noted that the sentencing was "especially hard" and considered mitigating and aggravating factors. The court sentenced McBee to 16 years' imprisonment.

**¶4**          McBee failed to file a timely notice requesting PCR. *See* Ariz. R. Crim. P. ("Rule") 33.4(a) (A defendant starts the PCR proceeding by filing a notice requesting PCR.); Ariz. R. Crim. P. 33.4(b)(3)(A), (B) (A notice of PCR is due within 90 days of pronouncement of sentence for claims under Rule 33.1(a) or "within a reasonable time after discovering the basis for the claim" for claims under Rules 33.1(b) through 33.1(h).). He did, however, petition for PCR in September 2023. McBee did not explain his petition's untimeliness. Still, he asserted that the petition was based on "newly discovered material evidence." McBee claimed he did not discover until after he began his incarceration that the stipulated sentencing term had never been formally amended. He argued that his counsel was ineffective for failing to finalize the amendment and for "arguing for a sentence that

was wholly unavailable" for the unamended sentencing stipulation. Finally, McBee concluded that he was prejudiced because the court could not consider a sentence between the proposed amended minimum of 10 years and the original stipulated minimum of 14 years.

¶5         The court dismissed the petition, finding McBee's petition was "untimely by more than seven years" and that he failed to "assert substantive claims and adequately explain the reasons for their untimely assertion." *See* Ariz. R. Crim. P. 33.2(b)(1). The court also found McBee's claim of newly discovered evidence was not colorable. It noted that McBee failed to specify when he learned of the failure to enter a new plea agreement and found that he had not demonstrated that the sentence imposed would probably have been different had the parties finalized, and the court approved, a plea agreement with an amended sentencing range.

¶6         McBee moved for reconsideration, which the superior court summarily denied. McBee also requested, and the superior court granted, two extensions to petition this court for review. This petition for review followed. We have jurisdiction under A.R.S. § 13-4239(C) and Rule 33.16(a)(1).

## DISCUSSION

¶7         We review the superior court's denial of PCR for an abuse of discretion, *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012), but review the interpretation of the Arizona Rules of Criminal Procedure *de novo*. *See State v. Mendoza*, 248 Ariz. 6, 14-15, ¶ 12 (App. 2019). Post-conviction relief "is applied quite restrictively to overturn guilty pleas," primarily because a defendant waives all non-jurisdictional defenses by pleading guilty. *See State v. Fritz*, 157 Ariz. 139, 140 (App. 1988). A defendant must "strictly comply" with the post-conviction rules to be eligible for PCR. *See Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11 (2005); *State v. Carriger*, 143 Ariz. 142, 146 (1984) ("Petitioners must strictly comply with Rule 32 or be denied relief.").

¶8         Though McBee cites Rule 33.1(e) as grounds for PCR, the only "newly discovered fact" he alleges is that he was unaware that his plea agreement had not been amended before sentencing. PCR is only available for newly discovered evidence if the new facts "probably would have changed the judgment or sentence." Ariz. R. Crim. P. 33.1(e). McBee fails to explain how his knowledge of whether the plea agreement had been amended probably would have changed the court's sentencing decision. *See id.* The court knew the proposed amended terms and entered a sentence within the original and proposed amended ranges.

**¶9**        McBee argues that his lack of knowledge of the plea terms at sentencing demonstrates ineffective assistance of defense counsel. But a claim of newly discovered ineffective assistance of counsel is the assertion of a newly discovered legal claim, which is not cognizable under Rule 33.1(e). *State v. Ainsworth*, 250 Ariz. 457, 460, ¶ 10 (App. 2021). Instead, McBee's claim for relief is better characterized as a constitutional claim under Rule 33.1(a). *See State v. Petty*, 225 Ariz. 369, 373, ¶ 11 (App. 2010) ("[I]mplicating the Sixth Amendment, the [ineffective assistance] claim is cognizable under Rule [33.1(a)].").

**¶10**        Under Rules 33.1(a) and 33.4(b), a defendant must ordinarily file a PCR notice within 90 days of sentencing to claim that the plea was obtained in violation of the United States or Arizona Constitutions. *See* A.R.S. § 13-4234(G) (The time limits for filing a notice and petition "are jurisdictional, and an untimely filed notice or petition shall be dismissed with prejudice."). *But see* Ariz. R. Crim. P. 33.4(b)(3)(D) ("The court must excuse an untimely notice requesting post-conviction relief filed under [Rule 33.1(a)] if the defendant adequately explains why the failure to timely file a notice was not the defendant's fault."); *State v. Bigger*, 251 Ariz. 402, 413, ¶ 37 (2021) (Rule 32.4(b)(3)(D)'s exception overrides the normal filing time limits.). Thus, if a defendant files an untimely notice, the superior court may only consider it if the defendant explains the untimeliness. *See* Ariz. R. Crim. P. 33.4(b)(3)(D).

**¶11**        Here, McBee did not file a notice within 90 days. Nor did he "explain[] why the failure to timely file a notice was not [his] fault." *See* Ariz. R. Crim. P. 33.4(b)(3)(D). Moreover, he petitioned for PCR over seven years after sentencing. He claimed that he became aware of the discrepancy in the plea terms after sentencing but he did not allege when he became aware of the issue. In his motion for reconsideration, McBee claimed that he learned of the discrepancy in 2020, "[m]ore than four years after [his] sentencing." Still, McBee does not explain why he failed to file a petition for PCR until September 2023. Thus, the superior court did not err by dismissing the petition as untimely.

**CONCLUSION**

¶**12**    We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV