NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

PAUL DANIEL WAGNER, *Petitioner*.

No. 1 CA-CR 20-0198 PRPC
FILED 6-22-2021

Petition for Review from the Superior Court in Maricopa County
No. CR2014-149722-001
The Honorable Michael D. Gordon, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Daniel Strange
*Counsel for Respondent*

DM Cantor, Phoenix
By Courtney R. Sullivan, Christine Whalin
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

---

Presiding Judge Jennifer M. Perkins, Judge Randall M. Howe, and Judge
Maria Elena Cruz delivered the decision of the Court.

---

**PER CURIAM**:

**¶1**   Paul Daniel Wagner petitions for review of the dismissal of
his petition for post-conviction relief.  We have considered the petition for
review and, for the reasons stated, grant review and deny relief.

**¶2**   In 2014, the State charged Wagner with one count of child
prostitution, a class 2 felony.  The prosecutor subsequently presented
Wagner's retained counsel with alternative "standard" plea offers, both of
which provided for three years of probation.  One required Wagner admit
guilt to pandering, a class 5 felony, and serve 20 days in jail as a probation
condition.  The other offer provided for a 95-day jail term in exchange for
Wagner admitting guilt to solicitation to commit child abuse, a class 6
undesignated felony.  The superior court conducted a *Donald* advisement
where Wagner was informed of his potential punishment should he reject
the offers and proceed to trial.  *See State v. Donald*, 198 Ariz. 406, 413, ¶ 14
(App. 2000) ("[O]nce the State engages in plea bargaining, the defendant
has a Sixth Amendment right to be adequately informed of the
consequences before deciding whether to accept or reject the offer.").
Wagner rejected the offers.

**¶3**   The morning of the trial's first day, the State re-extended both
offers, and the superior court held a second *Donald* advisement.  Wagner
again rejected the offers.

**¶4**   At the conclusion of trial, the jury found Wagner guilty of the
charged offense, and the superior court imposed a seven-year prison term.
Wagner timely appealed.  Wagner's appointed counsel filed a brief in this
court pursuant to *Anders v. California*, 386 U.S. 738 (1967), but Wagner
subsequently dismissed the appeal.

**¶5**   Wagner then sought post-conviction relief under Arizona
Rule of Criminal Procedure ("Rule") 32, raising claims of ineffective
assistance of counsel ("IAC").  The superior court summarily dismissed
most of Wagner's claims, but it set an evidentiary hearing to determine

whether trial counsel provided ineffective assistance by failing to provide Wagner with copies of the State's written plea offers and by advising Wagner to reject the offers. *See Donald*, 198 at 413, ¶ 14 (IAC that led a defendant to reject a favorable plea and proceed to trial is a cognizable claim for post-conviction relief).

¶6 At the three-day hearing, Wagner, his mother, and his trial counsel testified. The superior court denied relief, finding that counsel was not required to provide written copies of the offers because he advised Wagner of the offers' "core terms," and Wagner never indicated a desire to accept either offer. The court also found the evidence did not demonstrate that counsel advised Wagner to reject the offers. The court therefore concluded that Wagner failed to establish counsel's representation fell below an objective standard of care.

¶7 The petition for review repeats Wagner's arguments that trial counsel provided ineffective assistance during plea negotiations. Importantly, however, Wagner does not squarely address the superior court's determination that he failed to demonstrate that his trial counsel's conduct fell below prevailing professional norms. *See State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006) ("To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant."). Specifically, Wagner does not argue that the superior court erred by finding counsel was not required to provide written copies of the plea offers or that Wagner failed to prove counsel advised him to reject the offers. Rule 32 requires petitions for review to present more than mere recitations of the arguments presented to the superior court. Ariz. R. Civ. P. 32.16(c)(2)(D).

¶8 Wagner next claims he is entitled to post-conviction relief because trial counsel purportedly advised him that entrapment was a viable defense at trial when, to the contrary, entrapment "was not applicable under prevailing law." We do not address this issue because Wagner did not raise it in his petition for post-conviction relief. *See State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (this court does not address issues raised for the first time in a petition for review).

¶9 Finally, Wagner argues trial and appellate counsel were ineffective for failing to challenge the constitutionality of the child prostitution statute. But Wagner had the opportunity to challenge the statute on direct appeal by filing a supplemental brief *in propria persona*. Instead of doing so, Wagner dismissed the appeal. This issue is therefore

precluded.  Ariz. R. Crim. P. 32.2(a)(3); *see also State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (in cases where defense counsel files an *Anders* brief, this court's procedure ensures the defendant's right to effective assistance of counsel is protected).

**¶10**        For the foregoing reasons, Wagner fails to establish an abuse of the superior court's discretion.  *See State v. Herrera*, 183 Ariz. 642, 647 (App. 1995) ("A petition for post-conviction relief is addressed to the sound discretion of the trial court."); *State v. Fritz*, 157 Ariz. 139, 141 (App. 1988) (determination of the credibility of witnesses at an evidentiary hearing in a post-conviction relief proceeding rests solely with the trial judge). Accordingly, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA